# Robert J. SAYLES
*v.*
# DEPARTMENT OF REVENUE
## (TC 3631)

Robert J. Sayles (taxpayer) appeared *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered July 14, 1995.

## CARL N. BYERS, Judge.

Taxpayer appeals from a Department of Revenue (department) determination that he is personally liable for unpaid corporate withholding taxes for 1992.

Taxpayer testified that in late 1989 or early 1990, he organized Ideal Cold Storage, Inc., an Oregon corporation, to engage in the business of cold storage warehousing and related trucking. As the president, he provided the leadership in organizing the business operations. Shortly after formation, taxpayer needed additional investors and arranged for two others to become shareholders and vice presidents in the business.

The evidence indicates that the business, which demanded close attention in several areas, struggled from the very beginning. The physical facilities required maintenance, the company needed operating capital, and the company's trucking contracts required marketing on a national scale. In addition to these responsibilities, taxpayer was active in the military reserve. Taxpayer testified that in May or June of 1990, he hired a third person to be the chief executive officer (CEO) with overall responsibility for operating the company. Taxpayer then went to Idaho for military training. When he returned in August, he found the business in shambles. Shortly thereafter the three shareholders asked the CEO to resign, which he did. Taxpayer claimed that he did not know withholding taxes were owing until August 1990.

The corporation continued to struggle until a petition in bankruptcy was filed on September 19, 1990. The department filed a claim for unpaid withholding taxes and Tri-Met taxes for the first, second and third quarters of 1990. The bankruptcy trustee paid only part of the claim, leaving a substantial balance owing.

Taxpayer filed for personal bankruptcy in Idaho on February 11, 1992. The department also filed a claim with that bankruptcy trustee. However, taxpayer objected and the

department withdrew its claim by a letter stating that the claim had been "satisfied." On September 25, 1992, the department issued a Notice of Determination and Assessment for Withholding Taxes, asserting that taxpayer was personally liable for the unpaid corporate withholding taxes. Taxpayer appealed from that notice and the department, after hearing, ruled against taxpayer. Taxpayer then appealed to this court.

■■   The primary issue before the court is whether taxpayer is personally liable for the corporate withholding taxes. ORS 316.167[1] imposes an obligation upon every employer to withhold income taxes from wages and salary paid to employees. Recognizing that corporations must act through people, the legislature has imposed personal liability on the people who have the duty to perform the corporate obligation to withhold and pay income taxes. Accordingly, ORS 316.162(3)(b) defines employer as:

> "An officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by [statutes for withholding and paying withholding taxes]."

■   OAR 150-316.162(3) sets out various characteristics or attributes which indicate that an officer or employee is personally liable to perform the duties of the employer. The court deems it unnecessary to review all those attributes. The intent of the statutory scheme is to impose liability on those individuals who have the ability to control or the authority to direct payment of withheld taxes. There may be several officers or employees in a single business which fall within the scope of the statute, making them jointly and severally liable.

■   Although the evidence in this case is disputed and incomplete, the preponderance of the evidence establishes that taxpayer is personally liable as a responsible officer of Ideal Cold Storage, Inc.

Taxpayer organized and operated the business from the beginning. He hired an office manager/bookkeeper who

---

[1] References to the Oregon Revised Statutes are to the 1989 Replacement Part.

prepared the withholding tax returns. This person also prepared the checks to pay the withholding taxes as well as other corporate expenses. She testified that taxpayer was the primary person in control of the business. Taxpayer signed checks, directed the payments of the bills, and determined priorities of payment. Taxpayer was aware of the tax liabilities and decided whether or not to pay them. The office manager testified that others would sign checks only when taxpayer was unavailable. Further, although the company hired a CEO, taxpayer was always in charge and sometimes overrode the decisions of the CEO.

Taxpayer denied knowledge of the unpaid withholding taxes and denied that he signed checks before August 1990. He attributed that responsibility to other employees and officers. Taxpayer indicated that he was out of the office most of the time, either on the road making sales, working in the warehouse, or serving in the military. In taxpayer's view, he was absent, unaware of the tax liabilities and not in a position of authority to decide which bills should be paid.

Taxpayer's statements are not supported by documents or any other evidence. Moreover, they are not consistent with the overall pattern. Taxpayer signed checks and had authority to prioritize bills before the CEO was hired. Although the second quarter withholding taxes are by far the largest, withholding taxes were owing for every quarter the company was in business. The evidence demonstrates that taxpayer must have known that withholding taxes had not been paid. The office manager testified that she would prompt taxpayer and remind him that withholding taxes had to be paid. Although taxpayer was frequently out of the office, he was in regular contact by telephone. Taxpayer's claim that as the organizer and primary mover of the business he gave up control to others is not consistent with logic or the evidence. Taxpayer tried to obtain assistance in operating the business, but the court is persuaded he did not give up his authority over the company. Although one or more of the other officers may also be liable for the withholding taxes, their potential liability does not excuse taxpayer.

Initially, taxpayer challenged the amounts paid and credited against the corporate obligations. The department submitted evidence indicating that the corporate liabilities

for the first and third quarter have been satisfied out of the corporate bankruptcy proceedings. The amount owing pertains only to the second quarter. The record of the payments and the accrued interest appear accurate. Taxpayer presented no documents or evidence with which to refute the amounts owing.

■    Taxpayer does contend that the penalties and interest should be discharged in bankruptcy. However, for a debt to be discharged in bankruptcy it must be listed. Taxpayer submitted no evidence indicating that any personal liabilities associated with the corporation were listed as contingent or disputed claims. Further, whether penalties and interest are discharged in bankruptcy is an issue for the Bankruptcy Court, not the Tax Court.

As a final issue, taxpayer claims that the department is estopped from attempting to collect the corporate withholding taxes from him personally. He bases this claim on the department's letter of June 17, 1992, withdrawing its claim in his personal bankruptcy by stating that the claim had been "satisfied." This was a poor choice of words because it appeared to relieve taxpayer of any further obligation to the state. Notwithstanding the misleading representation, this is not an appropriate case for estoppel.

■    The elements of estoppel are: (1) misleading conduct, (2) good faith reliance on that conduct, and (3) injury to the party claiming estoppel. *Portland Adventist Hospital v. Dept. of Rev.*, 8 OTR 381 (1980). Taxpayer has not pled or proved any reliance upon the statement made in the letter. More importantly, taxpayer has not been damaged by withdrawal of the claim. He testified that his personal bankruptcy estate had no assets. Even if the claim had been filed and accepted by the bankruptcy trustee, it would not have been paid. The department's witness testified that the claim was withdrawn because the department had not yet issued its Notice of Determination and Assessment. This was a necessary step to assert taxpayer's personal liability for the corporate obligations. Under these circumstances, the department is not estopped from asserting that taxpayer is personally liable for the unpaid withholding taxes.

The court finds that taxpayer is personally liable for the unpaid corporate withholding taxes, that the amounts claimed due are correct, and that estoppel does not lie against the department. Therefore the court must sustain department's Opinion and Order No. 93-3773. Judgment will be entered in accordance with this opinion. Costs to neither party.