I. INTRODUCTION
This matter comes before the court on the Motion for Summary Judgment of Defendant Department of Revenue (the department). At the September 20, 2006, case management conference, both the department and Plaintiffs (taxpayers) waived oral argument on the motion.
 II. FACTS
On January 7, 2005, the department issued Notices of Assessment (NOAs) to MS Market, Inc., for unpaid tobacco tax, related penalties, and interest for tax years 2000 and 2001. Each NOA provides an explanation of the tax and a table showing the dates when tobacco was allegedly purchased by taxpayers from Lil' Brown Smokeshack, as well as the amounts of tobacco allegedly purchased. Directly below the table, the following language appears:
 "Oregon law requires all tax due to be paid on or before the due date of the return. This notice includes charges for the penalty and/or interest. IF YOU DISAGREE OR ONLY HAVE CONCERNS ABOUT THE PAYMENTS MADE OR THE PENALTY AND/OR INTEREST CHARGES, PLEASE CONTACT THE DEPARTMENT OF REVENUE * * *. IT IS POSSIBLE THAT AN ADJUSTMENT CAN BE MADE WITHOUT HAVING TO FILE AN APPEAL."
At the end of the page and under the heading "HOW TO APPEAL A NOTICE OF ASSESSMENT TO THE *Page 209 
OREGON TAX COURT," each NOA contains the following language:
 "IF YOU DISAGREE WITH THIS NOTICE OF ASSESSMENT, YOU HAVE THE RIGHT TO APPEAL TO THE OREGON TAX COURT. You must appeal to the Magistrate Division of the Oregon Tax Court within 90 days from the date of the Notice of Assessment.
 "* * * * *
 "IF YOU DO NOT APPEAL ON TIME, YOUR APPEAL RIGHTS EXPIRE, AND THE ADJUSTMENTS ARE FINAL."
On January 21, 2005, Ellen Bewley (Bewley), taxpayers' representative, sent a letter to the department in which tax-payers disagreed with the assessment and stated that they had no record of any tobacco purchases from Lil' Brown Smokeshack. The letter also requested that the department disclose the source of the purchase information. In early February, 2005,[1] Bewley had a telephone conversation with Fred Nichol (Nichol), an auditor with the department. Tax-payers assert that, during the conversation, Nichol indicated he would send the requested information and did not mention taxpayers' appeal rights. Nichol states that he did advise Bewley of taxpayers' appeal rights during the conversation.
Taxpayer Lal Sidhu (Sidhu) called Nichol sometime before April 6, 2005, also to inquire about the source of the department's information on the tobacco purchases. Sidhu claims that Nichol again did not mention taxpayers' appeal rights and again promised he would send the requested information.
Not having received the requested information, on June 9, 2005, Sidhu sent a letter to the department, to which the department responded on June 29, 2005. The department's response does not reference the appeal deadline; however, it does state that if taxpayers disagree with the assessment they "must appeal to the Magistrate Division of the *Page 210 
Oregon Tax Court" and states that "the Department of Revenue does not have jurisdiction to hear appeals to Notices of Assessment." On August 22, 2005, Sidhu sent another letter to the department, stating that taxpayers were appealing the assessment. The department responded by letter September 15, 2005, noting that it had not received a notice of appeal from the Tax Court, and stating that it had no choice but to "pursue the collection of tax, penalties, and interest." Taxpayers filed an appeal in the Magistrate Division on September 23, 2005. It was dismissed for failure to timely file, and this appeal ensued.
 III. ISSUE
Is taxpayers' appeal time-barred?
 IV. ANALYSIS
The department asserts that taxpayers' appeal must be dismissed because it was not timely filed and no exceptions to applicable time requirements apply. Taxpayers make a claim of equitable estoppel, and, in addition, argue that summary judgment is not appropriate because material issues of fact exist as to whether their reliance on certain language in the NOAs was reasonable, whether the department disclosed the appeal deadline in any of the telephone conversations that Sidhu or Bewley had with Nichol, and whether the department mislead taxpayers into not filing a timely appeal when it delayed in sending them the requested information.
A. Timeliness of taxpayers' appeal
Appeals of tobacco tax assessments may be made "in the time and manner provided for by ORS 305.404 to 305.560." ORS 323.623.[2]
Generally, appeals must be filed in the Magistrate Division within 90 days of the act that is being appealed, in this case, the date the NOAs were issued. See ORS 305.501; ORS305.280. The appeal was filed in the Magistrate Division on September 23, 2005, well after the 90-day deadline of April 7, 2005.[3] Accordingly, the appeal is *Page 211 
time-barred unless taxpayers can make out a case of equitable estoppel.
B. Equitable estoppel
To present a successful claim for estoppel, taxpayers must "prove three elements: (1) misleading conduct on the part of the defendant[ ], (2) taxpayer[s'] good faith reliance on that conduct, and (3) injury to taxpayer[s]." Hoyt StreetProperties LLC v. Dept. of Rev., 18 OTR 313, 318 (2005) (citing Sayles v. Dept. of Rev., 13 OTR 324, 328
(1995)). The dispute here is focused on the first element, misleading conduct.
To show that a defendant engaged in misleading conduct, a taxpayer must offer "proof positive" of that conduct.Id. (citing Johnson v. Tax Commission,248 Or 460, 463-64, 435 P2d 302 (1967)). Furthermore, when "written materials containing accurate information and advice are given to tax-payers, taxpayers may not continue to rely on an understanding based on oral representations or discussions which are contrary to the written information." Id. (citingSchellin v. Dept. of Rev., 15 OTR 126, 132 (2000) (internal quotation and quotation marks omitted)).
The facts of Hoyt Street Properties are similar to those here. Id. at 315-16. The taxpayer in that case received a NOA on November 14, and the appeal period expired February 12.Id. The parties engaged in ongoing email negotiations between December and March, ultimately with no result, and the taxpayer appealed to the Tax Court. Id. at 316. The court, focusing on communications that occurred after the "unequivocal and accurate" written notification of the taxpayer's appeal rights that taxpayer received in the form of the notices issued on November 14, concluded that it was not a case of equitable estoppel. Id. at 318. The court held that the taxpayer was unable to provide "proof positive" that the defendants in that case "affirmatively and expressly told taxpayer to disregard the statutorily required 90 day appeal period during [the] negotiations." Id. The court did not consider statements that occurred after the appeal period expired, because any communication occurring after the time bar had run could not be relied upon. Id. at 319. The court went on to say that "[i]n order to overcome the force of the *Page 212 
written notifications of taxpayer's appeal rights and dead-lines, taxpayer must offer `proof positive' from a later period that [the defendants] misled taxpayer as to the statutory time bar within a time frame in which taxpayer's reliance was detrimental." Id.
Taxpayers assert that certain disputed facts relating to the estoppel claim are material, and, therefore, that the matter is not appropriate for summary judgment. A fact is material only when "under applicable law, [it] might affect the outcome of a case." Zygar v. Johnson, 169 Or App 638, 646, 10 P3d 326
(2000). The court will determine whether there is an issue of material fact by applying the three factors of estoppel to the record, viewed in the manner most favorable to the taxpayers as the nonmoving party. If no objectively reasonable trier of fact could conclude that a claim for estoppel has been made on those facts, then the motion must be granted. See TCR 47 C.[4]
In the context of summary judgment, the "proof positive" requirement is understood by the court to create "a more stringent proof requirement." Hoyt Street Properties,18 OTR at 319. Although taxpayers are still permitted "all reasonable inferences" under Tax Court Rule (TCR) 47 C, those inferences "must provide strong support" for the conclusion that the department misled taxpayers as to the appeal deadline.Id.
Taxpayers allege the following facts are material and support their estoppel claim: first, that the NOAs stated a resolution might be had without filing an appeal; second, that the department did not forward the promised information regarding its sources for taxpayers' review until after the appeal period expired; and third, that the department never expressly stated in any of its conversations or correspondence *Page 213 
with Sidhu or Bewley that the appeal period expired 90 days after the date on the NOAs.
The language at issue in the NOA reads as follows: "It is possible that an adjustment can be made without having to file an appeal." Taxpayers argue that the language is misleading because they took those words to mean that, if they contacted the department regarding the tax, an adjustment would be made without resorting to an appeal. That is not what the NOAs say, however. The NOAs state that an adjustment could be possible without resort to an appeal. The NOAs do not indicate or suggest that such a contact would stop the appeal period from running, and, in fact, under the heading "How to Appeal a Notice of Assessment to the Oregon Tax Court," the NOAs unequivocally state that failing to appeal within 90 days of the date of the assessment will result in the adjustments being final. In addition, the language at issue occurs in the midst of a discussion about payments, interest, and penalties, suggesting that adjustments to those items could be possible without an appeal — not necessarily adjustments to the amount of tax.
Taxpayers also argue that they were misled by the department when the department failed to forward the information they requested regarding the tobacco purchases until after the appeal period had expired. Taxpayers reason that, by agreeing to send the information for the taxpayers' review, the department also agreed to suspend or eliminate the appeal deadline; however, there is no evidence in the record so showing. In addition, taxpayers have not provided, and the court cannot find, any statutory authority for the department to so extend the appeal deadline.
Finally, taxpayers assert that the department never expressly told either Sidhu or Bewley, in any conversation or correspondence, about the appeal deadline. The department disputes this fact, stating that Nichol explained the deadline in his first conversation with Bewley. For purposes of this motion, the court will view this fact in the manner most favorable to taxpayers. Even so, the most taxpayers can prove with this fact is that the department did not say anything about the appeal period at all. That is not enough under Hoyt StreetProperties. Taxpayers must offer proof positive *Page 214 
that the department "affirmatively and expressly" told them to disregard the appeal period sometime after January 5, 2005, and before April 7, 2005. Id. at 319.
 V. CONCLUSION
Accordingly, viewing the record in the manner most favorable to taxpayers and providing all reasonable inferences, the court concludes that no objectively reasonable fact-finder could conclude that the department misled the tax-payer as to the appeal deadline. Now, therefore,
IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.
Costs are awarded to Defendant.
[1] Nichol's contact log lists the conversation as taking place on February 1, 2005. Taxpayers state that the conversation took place "[w]ithin a few days of February 14, 2005." In either case, the communication occurred before the appeal deadline of April 7, 2005.
[2] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[3] The NOAs were dated January 7, 2005. Ninety days from that date is April 7, 2005.
[4] Tax Court Rule (TCR) 47 C provides:
 "The court shall enter judgment for the moving party if the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Page 215