DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), included in its Answer filed June 4, 2008. Defendant asserts Plaintiff's appeal is untimely. Plaintiff responds that she followed verbal instructions given by one of Defendant's employees. The court heard the motion September 22, 2008. Plaintiff was represented by her daughter Deborah Jensen (Deborah). Defendant was represented by Fred Nichol.
The appeal involves assessments for unpaid cigarette and tobacco taxes. The cigarettes were apparently ordered over the Internet by Plaintiff's now deceased mother Anne Joan Kowalik who, at the time of purchase, was suffering from dementia. The loss of Plaintiff's mother, which occurred shortly after the death of Plaintiff's father, caused Plaintiff considerable stress, and she essentially "quit functioning." Plaintiff quit driving and apparently did not open some of her mail, including assessments sent to her by Defendant.
Defendant issued assessments for the tax on the cigarettes on December 7, 2007, January 23, 2008, and January 28, 2008. Under ORS305.280(2), [1] Plaintiff had 90 days from the date of those notices to appeal. Plaintiff filed her appeal with the Tax Court May 9, 2008, *Page 2 
although the envelope containing her Complaint was postmarked May 8, 2008. The deadline from the latest date of the notices was April 28, 2008. Plaintiff missed the deadline.
Deborah has asked the court to not dismiss the appeal because she followed instructions given her by a Department of Revenue (department) employee. Deborah testified that she came up to Oregon from California to help her mother and discovered the unopened letters from the department, including a request for payment sent by a Hassie Catalano (Catalano) dated April 4, 2008. Plaintiff allegedly phoned Catalano on April 21, 2008, and was advised to send a letter to the department immediately, writing the words "request for appeal," on that document. Deborah testified that she faxed a copy of an "appeal letter" to the department that day and followed up by mailing a hard copy of the letter the following day.
The assessments clearly indicate that Plaintiff had the option of filing a return with the Department of Revenue with the word "FAST" written on the return, or appealing directly to the Magistrate Division of the Tax Court "within 90 days from the date of the Notice of Determination and Assessment."
Plaintiff is essentially alleging estoppel. To present a successful claim for estoppel, taxpayers must "prove three elements: (1) misleading conduct on the part of the defendant; (2) taxpayer's good faith reliance on that conduct; and (3) injury to taxpayer." Hoyt StreetProperties LLC v. Dept. of Rev., 18 OTR 313, 318 (2005) (citingSayles v. Dept. of Rev., 13 OTR 324, 328 (1995)). To show that a defendant engaged in misleading conduct, a taxpayer must offer "proof positive" of that conduct. Id. (citing Johnson v. Tax Commission,248 Or 460, 463-64, 435 P2d 302 (1967). Furthermore, when "written materials containing accurate information and advice are given to taxpayers, taxpayers may not continue to rely on an understanding based on oral representations or discussions which are contrary to the written *Page 3 
information." Id. (citing Schellin v. Dept. of Rev., 15 OTR 126, 132
(2000) (internal quotation and quotation marks omitted)).
The facts in this case are similar to Hoyt Street Properties LLC. The taxpayers in that case communicated on numerous occasions with the department and the county assessor's office after the assessment was issued and during the appeal period, but were unable to prove that those defendants "affirmatively and expressly told taxpayer to disregard the statutorily required 90-day appeal period during [the] negotiations."18 OTR at 318.
Here, Plaintiff had written instructions on the assessment notices advising that an appeal to the Tax Court had to be filed within 90 days of the date of those notices. Deborah, Plaintiff's daughter and representative, was admittedly confused about the process and sent a letter to the department, rather than the Tax Court, thinking that she had initiated a proper appeal. Why Deborah focused on the collection letter rather than the earlier issued assessment notices is unclear. What is clear is that Plaintiff's appeal was not filed in a timely fashion. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted and Plaintiff's appeal is dismissed.
Dated this ____ day of October 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 13,2008. The Court filed and entered this document on October 13,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1