DECISION
Plaintiff appeals Defendant's Notice of Liability, dated September 17, 2007, requesting payment of unpaid withholding tax liabilities for Michael's Holding Company for 3rd and 4th quarters ending September and December 2004, and 1st, 2nd, 3rd, and 4th quarters ending March, June, September and December 2005. A trial was held in the Oregon Tax Court courtroom, Salem, Oregon, on May 3, 2010. Plaintiff appeared on his own behalf. John Brockamp (Brockamp), Compliance Specialist, Oregon Department of Revenue, testified. Susan Zwemke (Zwemke), Tax Auditor, appeared and testified on behalf of Defendant.
Plaintiff's Exhibits 1 through 5 and Defendant's Exhibits A through I were received without objection.
 I. STATEMENT OF FACTS
At trial, Plaintiff acknowledged as true the following information stated in Defendant's letter dated June 17, 2009, addressed to Plaintiff:
 "The business [Michael's Holding Company] was established by James Uri in 1985 as a sole proprietorship then as S-Corp in 1999. The main function of the business was landscape and construction. James Uri was president, vice president, secretary and director of the business. He owned 100% of the stock * * *." *Page 2 
(Def's Ex F at 1.) Plaintiff testified that at all times he was authorized to sign checks on behalf of Michael's Holding Company. He testified that he negotiated employment contacts with at least two individuals, stating that those employees reported "directly to and receive direction from the President and CEO of MHC [Michael's Holding Company], James Germain Uri." (Ptf's Ex 4-28.)
Plaintiff testified that, even though he acknowledges that he had the authority and responsibility to pay the amount of state income tax withheld on behalf of each of Michael's Holding Company employees, he was not in a "position to pay" the monies to the Oregon Department of Revenue because the company was repeatedly sabotaged by current and ex-employees who incurred substantial cost overruns and led the company and employees into protracted litigation. Plaintiff asked Brockamp if he "researched" the individuals listed in his memorandum dated April 6, 2005, and in a letter addressed to Brockamp, stating "Request of investigation Improper Practices." (Ptf's Ex 3-2, 3-3.) Brockamp testified that if he did investigate those individuals, who included ex-employees, Brockamp could not disclose his findings because of the statutory confidentiality requirements. Plaintiff testified that those individuals and their related activities are important because of the impact those individuals had on the income and expenses of Michael's Holding Company.
Plaintiff testified that his ability to manage the day-to-day operations of Michael's Holding Company was hindered because he was occupied providing care for his first wife who passed away May 26, 2006. (Ptf's Exs 3-13; 4 at 6-7.)
Plaintiff testified that he sold land located in Jackson County at foreclosure in June 2008 to satisfy outstanding debts. (Ptf's Ex 2-19 to 2-32.) He submitted a credit report dated "2008-08-09," listing various creditors and amounts past due. (Id. at 1-14.) *Page 3 
Plaintiff testified that after continued negotiation with the Internal Revenue Service, Steven Thompson, Revenue Officer, concluded that "unpaid 941 taxes, totaling $106,981" are "uncollectable at this time." (Ptf's Ex 3-15.) Plaintiff seeks the same determination from the Oregon Department of Revenue. Zwemke testified that Defendant cannot enter into a settlement agreement with Plaintiff until "all appeals are in filing compliance." She stated that Defendant is willing to discuss settlement after the appeal is closed.
 II. ANALYSIS
ORS 316.167 imposes an obligation upon every employer to withhold income taxes from wages and salary paid to employees.[1] Oregon's income tax withholding law provides that an individual officer or employee of a corporation may under certain circumstances be personally responsible for payment of withholding taxes on the wages of employees. Personal responsibility was imposed through a 1961 amendment to the withholding law and arises through the following definition of "employer" in ORS 316.162(3):
 "(a) A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done; or
 "(b) An officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207."
The intent of the statute is "to impose liability on those individuals who have the ability to control or the authority to direct payment of withheld taxes." Sayles v. Dept. of Rev.,13 OTR 324, 326 (1995). Plaintiff had the ability to control the work of contract and noncontract employees, and he had the authority, given his status as owner and president, to direct payment of withheld taxes. Plaintiff does not dispute that he had such authority and responsibility. *Page 4 
"ORS 316.162(3), by definition, imposes the employer's fiduciary duty on corporate officers who are responsible for seeing that the corporation performs its duty to pay withholding taxes. The statute makes the officers personally liable if that duty is not performed."Robblee v. Dept. of Rev., 13 OTR 505, 511 (1996.) There is no dispute that Plaintiff is personally liable.
Plaintiff alleges that, even though he admits he is personally liable because he had the authority and responsibility, the liability should be forgiven or canceled because he concludes that he does not have the means to pay. Plaintiff relies on a portion of Oregon Administrative Rule (OAR) 150-316.162(3) which states that "[i]n addition, the person must have been in a position to pay the withholdings or direct the payment of the withholdings at the time the duty arose to withhold or pay over the taxes."[2] (Def's Ex A at 1.) Plaintiff defines "in a position to pay" as having funds available to pay the withholdings held in trust for employees. "Position to pay" does not refer to funds available to pay but, rather, the position or office that an individual holds within an organization and the fiduciary duty associated with that position. Plaintiff is mistaken in his interpretation when he concludes that he can decide to pay his employees their net pay after withholdings but not remit those funds,e.g., withholdings, that he held in trust for them, if he decides to pay other creditors rather than the Oregon Department of Revenue.
ORS 316.167 does not include a funds available test. The statute presumes that if there are funds to pay the employees' gross wages and salaries then those funds held in trust on behalf of employee are available to be remitted.
 III. CONCLUSION
After careful review of the testimony and evidence, the court concludes that Plaintiff is personally liable for the state income tax withholdings of Michael's Holding Company for the *Page 5 
3rd and 4th quarters ending September and December 2004, and for the 1st, 2nd, 3rd, and 4th quarters ending March, June, September, and December 2005. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This Decision was signed by Presiding Magistrate Jill A. Tanneron August 19, 2010. The court filed and entered this Decisionon August 19, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2003.
[2] All references to the Oregon Administrative Rules (OAR) are to 2003.