IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

FARIS BADI'I and RUHANIEH Z. BADI'I, )
)
          Plaintiffs, )   TC-MD 110663D
)
      v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
          Defendant. )   **DECISION**

Plaintiffs appeal Defendant's denial of amended Oregon income tax returns filed for tax years 1991, 1992, 1996, and 1999. A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on May 21, 2012. W. Scott Phinney, Attorney at Law, appeared on behalf of Plaintiffs. Faris Badi'i (Plaintiff) testified on his own behalf. Darren Weirnick, Assistant Attorney General, Department of Justice, appeared on behalf of Defendant. David Armstrong, Senior Tax Auditor, appeared on behalf of Defendant and was called by Plaintiffs as a witness.

Plaintiffs' Exhibit 1 at 116, 233, 234, 301, 346, 350-356, 358-362, 377, 402, 432, 433, 446, 494, 495, and 819 and Defendant's Exhibits A through G were received without objection. Given that the parties were relying on the same documents, Plaintiffs referenced Defendant's exhibits.

## I. STATEMENT OF FACTS

The parties agree that in October 1995, the United States Tax Court issued a decision, determining Plaintiffs' federal taxable income for tax year 1991. (Ptfs' Ex 2 at 2.) The parties agree that Plaintiffs entered into a settlement agreement in October 1995, with the Department of Treasury, Internal Revenue Service, for tax years 1992 and 1993. (*Id*. at 10.) According to Defendant's "ACT Comments," Defendant was contacted by Plaintiffs' certified public

accountant/representative in October 1997, seeking to "clear" Plaintiffs for tax years 1991, 1992, and 1993. (Ptfs' Ex 1 at DOR000376.) Defendant's ACT Comments state that "info received from cpa on changes made to irs assessment-sent infor to kristy k in [W]ilsonville for her to review and advise of changes." (*Id*. at DOR000377.) Plaintiff testified that in August 2000, he met with an individual, whose name he could not remember but was subsequently told that her name was "Debbie V/Auditor," who prepared amended returns for tax years 1991, 1992, and 1993. (Def's Ex B-5 at 1-2.)

Armstrong testified that it is a long standing "department policy" to help with "what to put on return, but not put anything down." Plaintiff testified that "Debbie V" adjusted each tax year's taxable income to match the federal taxable income, but did not carry back the net operating loss from 1993 to the prior years. Plaintiff testified that he did not know a net operating loss could be carried back to a prior year until he met "some years later" with an "Internal Revenue Service Counsel" in Austin, Texas, "who educated" him. In October 2000, Defendant processed Plaintiffs' 1991 and 1992 "amended returns * * * without audit, adjustments made based on IRS settlement." (Def's Ex A-15 at 1.)

In July 2009, Plaintiffs filed amended 1991 and 1992 Oregon income tax returns to carry back net operating losses from tax years 1993, 1994, and 1995. (Def's Ex A-6 at 2; *Id*. at B-10 at 2.) Defendant denied Plaintiffs' refund requests, stating that "the adjustments by the IRS were made in 1995" and the amended returns were filed after the two year period to amend, citing ORS 314.380(2)(b). (Def's Ex A-7; *Id*. at B-14 at 1.) In response to a letter dated September 16, 2009, from Shannon Ball, Tax Auditor, Plaintiff wrote that:

/ / /

/ / /

"A revenue agent, after examining the file, helped me fill out amended returns but failed to give us the entire credit due. It was only in recent days and after closer examination of the records that I became aware of this mistake. I am still in possession of the amended returns in the handwriting of the ODR agent."

(Def's Ex A-19 at 2; Ptfs' Ex 2-19.)

According to Defendant's ACT Comments and Plaintiff's testimony, Plaintiff met with Defendant's representatives to discuss Plaintiffs' Oregon state income tax returns for tax years 1995, 1996, and 1997 in December 2000. (Ptfs' Ex 1 at DOR000378.) Defendant's ACT Comments state:

"'95 & '97 both have net operating losses, he wants to know how to carry the losses back to the years he has owing, had Gary Heilig sit in, he [] listened to Faris, told him that he would have to file form 40x to show the operating loss, but will need to do some research, will get back with each of us after he makes his determination.

"CALL recd return call from Kristy, she sz as far as him filing '95, '96 & '97, and passing the business losses to the prior years, we pretty much follow what the IRS does, he will want to file with the Feds first then file with us and claim the losses on the amended returns, sz seeing how he seems to want to come to this office, we should probably use one of our auditors to help him file."

(*Id.*) In a letter dated February 7, 2008, from the Internal Revenue Service, Plaintiffs were advised that the Internal Service "adjusted" Plaintiffs' "account as requested" based on their 1040X Amended U.S. Individual Income Tax Return filed April 14, 2006, and their taxable income for tax year 2001 "became zero after our adjustment." (Def's Ex D-3 at 4.) In June 2009, Plaintiffs filed amended Oregon income tax returns for tax years 1996 and 1999. (Def's Ex C-4 at 1; D-3 at 2.) As evidence of filing federal amended tax returns, Plaintiffs rely on the Internal Revenue Account Transcript for 1996 and 1999, stating that the Internal Revenue Service processed amended federal returns on July 23, 2009, after Plaintiffs filed their amended 1996 and 1998 Oregon state income tax returns in June 2009. (Ptfs' Ex DOR 00053 and 00056; Def's Ex C-4 at 2; D-3 at 2.)

On February 5, 2010, Shannon Ball returned Plaintiff's phone call, telling Plaintiff that:

[H]e had "3 yrs to amend his Or return from file date which is 2006, then under 314.3802(b) he has 2 yrs to amend after changes another state makes or the IRS makes. For 91 and 92 the changes were made by the IRS in 95 so we can't accept those amends. For 2001 it look[s] like IRS made the changes Feb 2008? Correct. How about 1999 & 1996? Said IRS is still sitting on the amended returns and he is working w/advocate group w/IRS to get those processed. Told him we can accept the 96, 99 and 2001 amend b/c IRS is just making the changes but he will not get refunds. Can not accept 91 & 92 b/c past the 2 yr time period. Told TP we already made the changes to his 91, 92, & 93 yrs with an amended he previously filed back in 2000. Said we didn't make it correctly. Told him I can not change that and if he does not agree he can follow his appeal rights.

"Called TP back and let him know I can abate the tax for 96, 99 and 2001 but b/c it is an NOL I can not abate the interest and penalty b/c it is an NOL and by law we can not do that."

(Def's Ex F-2 at 1.)

"On February 23, 2010, the department issued a notice stating that [Plaintiffs'] 1996 amended return was accepted and that tax was being decreased to $0, although penalty and interest that were originally charged were not being abated. The reason given was that, although tax can be abated from a NOL carryback, because the tax was valid and owing by the due date of the original return, the department is not able to cancel the penalty and interest originally due (OAR 150-305.295(4))." (Ptfs' Ex 1 at DOR000146.) A similar notice was issued for tax year 1999. (*Id*. at DOR000148.) Plaintiffs appealed Defendant's imposition of penalties and interest for tax years 1996 and 1999. (*Id*.) In its letter dated, February 8, 2011, Defendant concluded that "the department did made (sic) an error when processing [Plaintiffs'] amended returns but the error was in reducing tax to $0, not in declining to reduce penalty and interest to $0." (*Id*. at DOR000147, DOR000149.)

## II. ANALYSIS

Plaintiffs appeal Defendant's denial of amended Oregon income tax returns filed for tax years 1991, 1992, 1996, and 1999. The first question before the court is whether Defendant

should be estopped from denying Plaintiffs' amended Oregon income tax returns for tax years 1991 and 1992. The second question is whether Plaintiffs' amended Oregon income tax returns for tax years 1996 and 1999 were timely filed.

A. *Tax years 1991 and 1992*.

In the area of taxation, estoppel is granted in rare instances when the following three elements have been proven: (1) defendant's conduct misled plaintiff; (2) plaintiff had a good faith reliance on the conduct; and (3) plaintiff was injured by its reliance on defendant's conduct. *Sayles v. Dept. of Rev.*, 13 OTR 324, 328 (1995). More recently, the Oregon Supreme Court held that "[t[o establish that the department is estopped, taxpayer must prove: " '(1) [the department made] a false representation; (2) it [was] made with knowledge of the facts; (3) the [taxpayer] must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the [taxpayer]; (5) the [taxpayer] must have been induced to act upon it[.]' " *M & S Market v. Dept of Rev.*, 344 OR 393, 397-398 (2008), citing *Welch v. Washington County*, 314 Or 707, 715-16, 842 P2d 793 (1992) (quoting and applying the standard from *Coos County v. State of Oregon*, 303 Or 173, 180-81, 734 P2d 1348 (1987), against a taxing authority).

In deciding whether Defendant is estopped from denying Plaintiffs' amended Oregon income tax returns for tax years 1991 and 1992, the court first reviews the action Defendant took with respect to Plaintiffs. The parties agree that Plaintiffs entered into a settlement agreement in October 1995, with the Department of Treasury, Internal Revenue Service, for tax years 1992 and 1993. (Ptfs' Ex 2 at 10.) Five years after Plaintiffs entered into that agreement, Defendant processed Plaintiffs' 1991 and 1992 Oregon income tax returns that Plaintiffs filed in August 2000. (Ptfs' Ex DOR000378.) Nine years later, Plaintiffs filed amended 1991 and 1992 Oregon

state income tax returns to carry back a 1993 net operating loss. (Ptfs' Ex 2 at 17, 20.) Plaintiffs allege that those amended returns were necessary because Defendant's employee incorrectly "prepared" their amended returns in 2000, failing to carry back a net operating loss from 1993 to tax years 1991 and 1992. In its conference decision, Defendant stated:

> "In November 2000, the department issued a notice stating that your [1991] amended return was processed without audit. Your tax was reduced to $11,823, the three-year delinquency penalty decreased to $11,823, the substantial understatement of taxable income penalty was fully abated, and interest was decreased to a total of $11,772. The notice also stated that no withholdings were allowed as you still had not submitted a Form W-2."

> "The department received an [1992] amended return in 2000 decreasing tax based on the results of a federal appeal, and in November 2000 issued a notice showing that we decreased the tax based on that appeal to $53,274, decreased the three-year delinquency penalty to $53,274, and decreased interest to $67,222."

(Ptfs' Ex DOR000140, DOR000143.) After reviewing applicable law, specifically, ORS 314.415(2); ORS 314.415(5); ORS 314.380(2)(b); ORS 305.305(3), the conference officer concluded that:

> "[T]he department erred in allowing the amended claim filed in 2000, as you did not file within the timelines established in ORS 314.415, ORS 314.380 or ORS 305.305. The department did not err in disallowing the amended claim filed in 2009, as, again, you did not meet the timelines authorized in ORS 314.415, ORS 314.380 or ORS 305.305."

(Ptfs' Ex DOR000143.)

Plaintiffs' estoppel claim fails. Plaintiffs were not "injured" by Defendant's conduct. *Sayles v. Dept. of Rev.*, 13 OTR 324, 328 (1995). Defendant processed Plaintiffs' amended 1991 and 1992 tax returns and reduced Plaintiffs' tax to pay including penalties and interest, even though there was no statutory authority for Defendant to accept Plaintiffs' amended returns filed five years after Plaintiffs negotiated a settlement with the Internal Revenue Service. Defendant's actions permitted Plaintiffs to reduce their tax assessments including penalty and interest.

/ / /

Plaintiffs do not acknowledge that there was no statutory authority for Defendant to take the action it took nor do they offer evidence that Defendant's actions were allowed by law. Rather, Plaintiffs allege that they are entitled to a further reduction in their tax-to-pay because they were misled by Defendant's employee and relied on her lack of knowledge, resulting in a failure to carry back a 1993 net operating loss to tax years 1991 and 1992 that denied them a further reduction in their tax-to-pay. Plaintiffs lack a valid estoppel claim because they were not "injured" by Defendant's action. *Id.* To the contrary, Plaintiffs benefited from Defendant's action, even though there was no statutory authority allowing Defendant to take such action. Plaintiffs would like the court to add to their benefit.

Putting aside the fact that Plaintiffs benefited from Defendant's action, the court considers the first estoppel element, "taxpayers can claim estoppel against governmental taxing authorities only 'when there is proof positive that the collector has misinformed the individual taxpayer.' " *Webb v. Dept. of Rev.* (*Webb I*), 18 OTR 381, 384 (2005), quoting *Johnson v. Tax Commission*, 248 Or 460, 463, 435 P2d 302 (1967). This court has concluded that "proof positive" is a "stringent proof requirement." *Id.* Taxpayers have prevailed when there was proof of "incorrect or misleading documents sent by taxing authorities to the taxpayer," or proof positive of a taxing authority's "misleading course of conduct." *Id.* (citations omitted.) However, there is "only one[1] case in which an Oregon court has considered oral communication to constitute a part of 'proof positive.' " *Webb v. Dept. of Rev.* (*Webb II*), 19 OTR 20, 25

---

[1] There are at least three cases considering oral communications that were decided in the Magistrate Division of the Oregon Tax Court: *Weseman v. Hood River County Assessor*, TC-MD No 060723D (Mar 2, 2007); *Semler v. Multnomah County Assessor*, TC-MD No 000058F (May 24, 2000); and *Sandilands v. Washington County Assessor*, TC-MD No 091339D (Mar 18, 2010).

(2006).  *See Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 310, 493 P2d 1372 (1972) (finding proof positive of misleading conduct in the ambiguous form alone, but also holding that taxpayer's claim of estoppel was made even stronger by evidence of oral misinformation.)  *Id*.

Recent court decisions, specifically, *Schellin v. Dept. of Rev.*, 15 OTR 126 (2000) (*Schellin*); *Hoyt Street Properties LLC v. Dept. of Rev*. (*Hoyt*), 18 OTR 313 (2005); *Sidhu v. Dept. of Rev*. (*Sidhu*), 19 OTR 207 (2007), illustrate the weight given to written rather than oral communication.  In *Schellin*, taxpayer testified that "she was orally misled by employees at the assessor's office on two separate occasions."  *Schellin*, 15 OTR at 135.  The court found "such oral evidence insufficient to show 'proof positive' that taxpayer had been misled."  *Id*.  It went on to state that "[w]ritten materials however, are given greater weight than oral testimony."  *Id*. The court concluded that the written notification in the form of the Assessor's Recommendation that the taxpayer received was "technically correct, [but] ambiguous" because it "was capable of producing more than one reasonable interpretation."  *Id*.  The court found that the taxpayer had shown " 'proof positive' that the assessor misled her * * * and [ ] it was reasonable for taxpayer to rely upon those representations."  *Id*.  Similarly in *Hoyt* and *Sidhu*, taxpayers received documents (notices of adjustment) that clearly stated their appeals must be filed within 90 days from the date of the notice.  Both taxpayers filed appeals beyond the 90 days and argued that they were misled by representatives of the Department of Revenue.  The court concluded that neither taxpayer could "offer proof positive that the department 'affirmatively and expressly' told them to disregard the appeal period * * *."  *Sidhu*, 19 OTR at 213-14.

Plaintiffs primarily rely on a 1992 handwritten amended Oregon Form 40X to support their allegation that they were misled when Defendant "prepared" their 1992 Oregon amended income tax return and failed to carry back a 1993 net operating loss to reduce their 1992 Oregon

tax-to-pay. At trial, Plaintiff could not remember the name of the individual who assisted him but testified that the form was in that individual's handwriting. There is evidence that Defendant's employee "Debbie V/Auditor assisted in getting what was needed to amend, not file" and "Debbie assisted him [Faris Badi'i] in how to use the amended form for the tax years 1991-1993." (Ptfs' Ex DOR000377.) Defendant's employee, Debbie V., did not testify. Plaintiffs did not submit a handwritten amended Oregon Form 40X for 1991 or 1993.

It is accepted that "taxpayers are familiar with our income tax systems under which *taxpayers* keep the records and assess the tax, and the government audits for accuracy and correctness." *Taft Church v. Dept. of Rev*., 14 OTR 119, 122 (1997) (emphasis in original). Taxpayers are responsible for completing and filing their own personal income tax returns. Defendant is responsible for auditing those returns "for accuracy and correctness." *Id*.

There is no evidence Defendant's employee prepared Plaintiffs' 1991, 1992, and 1993 amended Oregon income tax returns. In fact, Defendant's contemporaneous record dated "8/03/00" specifically stated that its employee did "not file" but rather provided forms and instruction on how to use the forms. (Ptfs' Ex DOR000377.) Defendant's record stated that five days after providing forms and instructions Plaintiffs' "amended returns" were received. (*Id*. at DOR000378.) It is reasonable to conclude that using the forms and instructions explaining how to use the forms provided by Defendant, Plaintiffs prepared their own 1991, 1992, and 1993 amended Oregon income tax returns. Unfortunately, based on Plaintiff's testimony, he did not know at that time that a net operating loss can be carried back to a prior year and Plaintiffs relied on their own knowledge of the tax laws to complete the amended tax returns.

There is no evidence that Defendant's employee assisted Plaintiffs with the preparation of their 1991 amended Oregon income tax return other than to provide appropriate forms and

how to use those forms.  There is insufficient evidence for the court to conclude that a handwritten 1992 Oregon amended Form 40X was "proof positive" that Defendant's employee "misinformed" Plaintiffs that a net operating loss from a subsequent year cannot be carried back to an earlier year.  *Webb I*, 18 OTR at 384.

B.      *Tax years 1996 and 1999.*

In challenging Defendant's denial of their amended 1996 and 1999 Oregon income tax returns, Plaintiffs assert that "[t]he relevant section is [ORS 314.380(]2[)](c), stating that:

> "In the case of a taxpayer filing an original or amended federal or other state return that reports a change in the taxpayer's taxable income that is subject to tax by this state or that results in a change in the taxpayer's tax liability paid to or owing this state, the report required by this subsection shall be an amended Oregon return.  The taxpayer shall file the amended return with the department within 90 days thereafter."

(Ptfs' Closing Arg – Reply at 4, 5.)  Plaintiffs conclude that ORS 314.380(2)(c) "only requires that the Oregon amended return is filed prior to 90 days after the federal return that changes taxable income. * * * Amended returns for those years [1996 and 1999] were timely filed." (*Id*. at 5.)

Plaintiffs assert that Oregon amended returns for tax years 1996 and 1999 were timely filed.  To support their assertion, Plaintiffs rely on the Internal Revenue Account Transcript for 1996 and 1999, stating that the Internal Revenue Service received amended federal returns on July 23, 2009, after Plaintiffs filed their amended 1996 and 1998 Oregon state income tax returns in June 2009.  (Ptfs' Ex DOR 00053 and 00056; Def's Ex C-4 at 2; D-3 at 2.)

Defendant concluded in its conference decision that it "has not been established that" Plaintiffs amended their 1996 and 1999 federal income tax returns.  (Def's Ex DOR000147, DOR000149.)  The court agrees that there is no evidence Plaintiffs amended their federal income tax returns to "report[s] a change in the taxpayer's taxable income" for those tax years.

ORS 314.380(2)(c). [2] A net operating loss carry back reduces taxable income but does not change taxable income for a tax year. However, there is evidence that Plaintiffs carried back a net operating loss from 2001 to reduce their 1996 and 1999 tax-to-pay, "that results in a change in the taxpayer's tax liability paid to or owing this state." (*Id.;* Def's Ex D-3.)

ORS 314.380(3)(b) states that "[t]he date on which an original or amended return is accepted by the Internal Revenue Service or other state taxing authority is the date the original or amended return is filed if the return is subsequently accepted by the Internal Revenue Service or other state taxing authority." Plaintiffs' amended Oregon income tax returns were filed "within 90 days" of filing their amended federal returns. That filing substantially complies with the reporting requirement of ORS 314.380(2)(c).

Having concluded that Plaintiffs met the statutory requirements to furnish evidence of their change in Oregon tax liability, the next question is whether Plaintiffs' claim can be allowed. Plaintiffs assert that they are filing amended returns, not claims for refund. Plaintiffs are asking Defendant to conclude "that the amount of the tax due is less than the amount theretofore paid." ORS 314.415(1)(a). Plaintiffs are making that request because they are carrying back a net operating loss from a subsequent year to 1996 and 1999. There is no other explanation offered by Plaintiffs for the reduction in the Oregon tax-to-pay. Contrary to their assertion, Plaintiffs are requesting a refund.

The applicable statute "for credit or refund relat[ing] to an overpayment attributable to a net operating loss carry back" is found in ORS 314.415(4)(a):

/ / /

---

[2] All references to the Oregon Revised Statutes (ORS) are to 1999 because there are no material differences among the 1989, 1991, 1995, and 1997 editions.

"If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a net capital loss carryback, in lieu of the three-year period of limitation prescribed in subsection (1) of this section, the period shall be that period which ends three years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss or net capital loss which results in such carryback. In the case of such a claim, the amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (1)(a) or (b) of this section or subsection (2) of this section, whichever is applicable, to the extent of the amount of the overpayment attributable to such carryback. If the allowance of a credit or refund of an overpayment of tax attributable to a net operating loss carryback or a net capital loss carryback is otherwise prevented by the operation of any law or rule of law other than ORS 305.150, relating to closing agreements, such credit or refund may be allowed or made, if claim therefor is filed within the period provided in this subsection. To the extent that the carryback was not an issue in any proceeding in which the determination of a court, including the Oregon Tax Court, has become final, the claimed credit or refund applicable to that carryback may be allowed or made under this subsection.

(b) For purposes of subsection (1) of this section, if any overpayment of tax results from a carryback of a net operating loss or net capital loss, such overpayment shall be deemed not to have been made prior to the later of:

(A) The due date of the return for the taxable year in which such net operating loss or net capital loss arises;

(B) The date the return for the year in which the net operating or net capital loss arises is filed; or

(C) The date of filing of the return for the year to which the net operating loss or net capital loss is carried back."

Plaintiffs do not assert that their amended returns meet the statutory requirements of ORS 314.415(4)(a). The court agrees that they do not.

Plaintiffs allege no other statutory authority for their assertion that Defendant can accept their 1996 and 1999 amended returns. Plaintiffs' appeal of Defendant's determination of tax-to-pay, interest, and penalty is denied.

/ / /

/ / /

/ / /

DECISION  TC-MD 110663D                                                                                           12

III. CONCLUSION

After careful review of the evidence and testimony, the court concludes Plaintiffs' 1991

and 1992 estoppel claim is denied and Plaintiffs' 1996 and 1999 amended Oregon income tax

returns are not allowed.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of August 2012.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on August 13, 2012.  The Court filed and entered this Decision on August 13, 2012.*