Submitted on the record March 7, judgment of Tax Court affirmed April 17, 2008

## M&S MARKET, INC.,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

(TC 4757; SC S054754)

182 P3d 852

Henry C. Breithaupt, Judge.

Michael Mills, Salem, filed the briefs for appellant.

Joseph Laronge, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief was Hardy Myers, Attorney General.

KISTLER, J.

**KISTLER, J.**

The issue in this case is whether the Department of Revenue (department) is estopped from seeking to dismiss taxpayer's untimely appeal. The Tax Court ruled, on summary judgment, that taxpayer had not proved that the department was estopped and entered judgment in the department's favor. We affirm the Tax Court's judgment.

Because this case arises on the department's motion for summary judgment, we state any disputed facts in the light most favorable to taxpayer. On January 7, 2005, the department issued three Notices of Assessment to taxpayer. Each notice stated that taxpayer had purchased tobacco products from Lil Brown Smoke Shack without paying any tobacco tax. The notices set out the amount of the tax, penalties, and interest that taxpayer owed and explained the department's basis for calculating those amounts. Finally, each notice stated:

> "Oregon law requires all tax due be paid on or before the due date of the return. This notice includes charges for penalty and/or interest. IF YOU DISAGREE OR ONLY HAVE CONCERNS ABOUT THE PAYMENTS MADE OR THE PENALTY AND/OR INTEREST CHARGES, PLEASE CONTACT THE DEPARTMENT OF REVENUE [at a specified location]. IT IS POSSIBLE THAT AN ADJUSTMENT CAN BE MADE WITHOUT HAVING TO FILE AN APPEAL.

> "If you have other disagreements or concerns, you may file an appeal.

> "* * * * *

> "HOW TO APPEAL A NOTICE OF ASSESSMENT TO THE OREGON TAX COURT.

> "IF YOU DISAGREE WITH THIS NOTICE OF ASSESSMENT, YOU HAVE THE RIGHT TO APPEAL TO THE OREGON TAX COURT. You must appeal to the Magistrate Division of the Oregon Tax Court within 90 days from the date of the Notice of Assessment. [The notice then explains how and where to file the appeal.]

"IF YOU DO NOT APPEAL ON TIME, YOUR APPEAL RIGHTS EXPIRE, AND THE ADJUSTMENTS ARE FINAL."

After receiving the notices of assessment, Ellen Bewly, taxpayer's licensed tax consultant, wrote the department on January 21, 2005, that taxpayer disagreed with the assessments and asked for the information on which the department had relied. In February, Fred Nichol, an auditor with the department, called Bewly. During their conversation, Bewly said that taxpayer had not bought tobacco products from Lil Brown Smoke Shack and asked Nichol what support the department had for its assessments. Nichol told her that the department's computer showed that taxpayer had made the purchases. He said that he would get the underlying documentation and forward it to taxpayer for its review and response. Bewly did not receive the documentation before April 6, 2005, the last day on which taxpayer could file a timely appeal from the notices of assessment.

Sometime before April 6, 2005, Lal Sidhu, one of taxpayer's owners, also called Nichol and told him, as Bewly had done, that the assessments were incorrect. He reiterated that taxpayer had never bought tobacco products from Lil Brown Smoke Shack and had no record of issuing any payments or credits to Lil Brown Smoke Shack. Nichol told Sidhu that he would check the documentation for the information in the department's computer records and send that documentation to Sidhu for his review. Nichol, however, did not send the documentation to Sidhu until July 29, 2005.

On June 9, 2005, Sidhu sent the department a letter stating that taxpayer was "appealing and disputing" the department's decision that it owed taxes, penalties, and interest for purchasing tobacco products from Lil Brown Smoke Shack. On July 29, 2005, Nichol responded, consistently with the notices of assessment, that taxpayer had to appeal to the Magistrate Division of the Oregon Tax Court, not to the department. Nichol also explained that the department had based the assessments on information obtained as a result of a search warrant executed on Lil Brown Smoke Shack. In his letter, Nichol enclosed "[i]nformation regarding

[taxpayer's] address on [Lil Brown Smoke Shack's computer] system and regarding invoices for purchases by [taxpayer]."

On August 22, 2005, Sidhu sent another letter to the department stating that taxpayer was "appealing" from the notices of assessment. Nichol faxed Sidhu information regarding the appeals process and, on September 15, 2005, the department wrote Sidhu reviewing its understanding of their communications and stating that the department had not received notice that taxpayer had filed an appeal with the Oregon Tax Court.

On September 23, 2005, taxpayer filed an appeal with the Magistrate Division of the Tax Court. The department moved to dismiss taxpayer's appeal as untimely, and the Magistrate Division granted the motion. Taxpayer appealed to the Regular Division of the Tax Court. On the department's motion for summary judgment, the Regular Division ruled that taxpayer's September 23, 2005, appeal was untimely and that the department was not estopped from asserting otherwise. The Tax Court entered judgment against taxpayer. Taxpayer has appealed that judgment to this court.

ORS 305.280(2) provides that "[a]n appeal * * * from any notice of assessment * * * issued by the Department of Revenue [regarding certain taxes] shall be filed within 90 days after the date of the notice."[1] There is no dispute that taxpayer filed its appeal more than 90 days after the date on the notices of assessment. The only question that the parties have raised on appeal is whether the department's actions estop it from claiming that taxpayer's appeal was untimely. To establish that the department is estopped, taxpayer must prove:

> " '(1) [the department made] a false representation; (2) it [was] made with knowledge of the facts; (3) the [taxpayer] must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the

---

[1] Taxpayer does not dispute that ORS 305.280(2) applies to tobacco taxes. *See* ORS 323.623(1) (providing for an appeal from imposition of tobacco taxes "in the time and manner provided in ORS 305.404 to 305.560"); ORS 305.560(1) (providing that an appeal may be taken by filing a complaint in the Magistrate Division within the time allowed under ORS 305.280(2)).

[taxpayer]; (5) the [taxpayer] must have been induced to act upon it[.]' "

*Welch v. Washington County*, 314 Or 707, 715-16, 842 P2d 793 (1992) (quoting and applying the standard from *Coos County v. State of Oregon*, 303 Or 173, 180-81, 734 P2d 1348 (1987), against a taxing authority).

The primary dispute in this case centers on whether the department made a false or misleading representation. *See Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 493 P2d 1372 (1972) (holding the department was estopped because an ambiguity in a form would have led a reasonable person to file the form with the wrong entity). As we understand taxpayer's argument, it rests on the premise that taxpayer reasonably understood from the notices of assessment that, if it sought an adjustment from the department, it could defer filing an appeal as long as it was in the process of negotiating an adjustment. Building on that premise, taxpayer notes that Nichol never told Bewly or Sidhu otherwise and that Nichol's failure to provide the underlying documentation sooner resulted in taxpayer's failure to file a timely appeal. It follows, taxpayer concludes, that the department is estopped.

We begin with the premise of taxpayer's argument—that it reasonably understood from the notices of assessment that it need not file an appeal as long as it was negotiating an adjustment with the department. On that issue, the relevant portions of each notice divide into two parts. The first part of the notices invited taxpayer to seek an adjustment of certain matters with the department. Each notice explained that, "[i]f you disagree or only have concerns about the payments made or the penalty and/or interest charges, please contact the Department of Revenue [at a specified location]. It is possible that an adjustment can be made without having to file an appeal." (Some capitalization omitted.) Although those sentences invited taxpayer to seek to resolve certain disagreements informally, neither sentence told taxpayer that it could defer filing an appeal until after any negotiations regarding an adjustment were concluded. The last sentence held out the possibility that taxpayer might be able to avoid having to file an appeal, but it did not address when an

appeal, if one were necessary, should be filed. The second part of the notices addressed that issue.

That part was captioned: "HOW TO APPEAL A NOTICE OF ASSESSMENT TO THE OREGON TAX COURT." Beneath that caption, each notice stated, "IF YOU DISAGREE WITH THIS NOTICE OF ASSESSMENT, YOU HAVE THE RIGHT TO APPEAL TO THE OREGON TAX COURT." Each notice then stated that "[y]ou must appeal to the Magistrate Division of the Oregon Tax Court within 90 days from the date of the Notice of Assessment." Each notice set out where the appeal should be filed. Finally, each notice added, "IF YOU DO NOT APPEAL ON TIME, YOUR APPEAL RIGHTS EXPIRE, AND THE ADJUSTMENTS ARE FINAL."

The two parts of the notices, read together, are clear: Although taxpayer could seek an informal adjustment from the department, taxpayer must appeal to the Tax Court within 90 days of the notice of assessment to preserve any disagreement that it might have with the department. If taxpayer did not appeal "on time," taxpayer's appeal rights would expire, and any adjustments that the department may or may not have made would become final.

In arguing that a reasonable person could draw a different conclusion, taxpayer contends that the sentence— "[i]f you disagree or only have concerns about the payments made or the penalty and/or interest charges, please contact the Department of Revenue"—is ambiguous and thus misleading. In taxpayer's view, the phrase "[i]f you disagree" is not limited to disagreements over the "the payments made or the penalty and/or interest charges" but also includes disagreements over the assessment itself.

Taxpayer's argument misses the mark. Even if the ambiguity that taxpayer perceives exists, that ambiguity does not advance its argument. The ambiguity that taxpayer identifies goes to what matters are subject to an adjustment.[2]

---

[2] We note that the next sentence in the first part of each notice states that, "[i]f you have other disagreements or concerns, you may file an appeal." That sentence implies that some disagreements are not subject to adjustment but, as taxpayer argues, does not specify which disagreements are and are not subject to adjustment. Indeed, the sentence is awkward and confusing in that respect. As

It does not go to when an appeal should be filed. The second part of the notices made clear that, whether a matter is subject to adjustment or not, taxpayer still had to file an appeal within 90 days after the date of the notice of assessment. We thus disagree with taxpayer's argument that it reasonably understood from the notices of assessment that it did not have to file an appeal as long as negotiations were ongoing. Far from being ambiguous on that point, the notices of assessment were clear that taxpayer needed to file an appeal within 90 days from the date of the notices or it would lose its right to appeal the notices of assessment.

Taxpayer advances two other arguments in support of its claim that the department is estopped. It notes that, when Nichol spoke with Bewly and Sidhu, he did not tell them that taxpayer needed to file an appeal within 90 days. Taxpayer also notes that Nichol did not send Bewly or Sidhu the underlying documentation until after the 90 days to appeal had passed. Taxpayer's arguments, as we understand them, depend on the premise that the notices of assessment were ambiguous and thus misleading; that is, Nichol's failure to remind Bewly and Sidhu that taxpayer needed to appeal within 90 days matters only if the notices of assessment were misleading on that point. Similarly, Nichol's lengthy delay in getting the underlying documentation to taxpayer matters only if taxpayer reasonably understood that it need not file an appeal as long as it was seeking to obtain an adjustment. The notices, however, were neither ambiguous nor misleading as to when taxpayer needed to file an appeal. It follows that neither Nichol's silence nor his delay adds anything to taxpayer's estoppel claim. The Tax Court correctly concluded that the department was not estopped from asserting that taxpayer's appeal was untimely.

The judgment of the Tax Court is affirmed.

---

explained above, however, any ambiguity concerning which disagreements are subject to adjustment does not advance taxpayer's point that the notices were misleading as to when it had to file an appeal if there were a disagreement.