DECISION
This matter is before the court on cross motions for summary judgment. Plaintiff appeals the denial of a property tax exemption for tax years 2008-09 and 2009-10 for property identified as Account R210472 (subject property). Oral argument was held on June 2, 2011, in the Tax Courtroom, in Salem, Oregon. Agnes M. Petersen, Attorney at Law, appeared on behalf of Plaintiff. Lindsay R. Kandra, Assistant County Attorney, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
On September 18, 2007 (date of recording), the subject property was conveyed to Plaintiff through a Statutory Warranty Deed. (Def s Mot for Summ J, Ex A.) The Statutory Warranty Deed lists the following information:
 "SEND TAX STATEMENTS TO:
 "The Byzantine Catholic Bishop of Van Nuys
 "4630 North Maryland Avenue
 "Portland, OR 97217[.]"
(Id.) (Emphasis in original.) This address was incorrectly listed by the title company. (Ptf's Resp at 2.)
When the subject property was conveyed in 2007, it was exempt from taxation under ORS 307.140. (Def s Mot for Summ J at 1.) The exemption status was due to a statement filed *Page 2 
by Plaintiffs predecessor in interest under ORS 307.162. (Id. at 1-2.) Plaintiff did not file an exemption application at the time of the change of ownership in 2007. (Id. at 2.) The use of the subject property did not change when ownership changed; the property was used for religious services by both the old and the new owners. (Id.)
On November 20, 2007, Defendant mailed a "Notification of Status Change." (Def s Mot for Summ J, Ex B at 1.) That notice was for the 2008-09 tax year and was sent to Plaintiff at 4630 North Maryland Avenue, Portland, OR 97217, which was the address listed on the Statutory Warranty Deed. (Id.) The notice stated: "an application is enclosed with this notice for you to file in accordance with ORS 307.162 for a tax exemption on the above referenced location." (Id.) The reason listed on the notice for the status change was a "[c]hange of ownership[.]" (Id.) Plaintiff did not receive the November 20, 2007, notice. (Ptf's Compl at 2; Ptf s Compl, Ex B.) The notice was returned unopened to Defendant by the post office with the notation "NMR," no mail receptacle, on the envelope. (Id.) Defendant put the unopened notice in Plaintiffs file. (Ptf's Compl at 2.) Defendant did not search its records or other sources to locate a different address for Plaintiff. (Id.) Plaintiff owns another parcel of property in Portland under a different account. (Id.) Plaintiffs address of record for that parcel is an address at which Plaintiff receives mail and it is different than the address on record for the subject property. (Id.) On December 3, 2010, Plaintiff filed an application for property tax exemption for the subject property for tax years 2008-09 and 2009-10. Defendant denied Plaintiffs application for both tax years because it was not timely filed (Def s Mot for Summ J at 2; Def s Mot for Summ J, Ex D.)
The 2008-09 and 2009-10 tax statements for the subject property were also sent to Plaintiff at 4630 North Maryland Avenue, Portland, OR 97217. (Def s Mot for Summ J at 2.) *Page 3 
Plaintiff did not receive those tax statements. (Ptf s Compl at 2.) The 2008-09 and 2009-10 tax statements were returned unopened to Defendant's office by the post office. (Id.) No payments were made when the taxes became due.
In November 2010, Plaintiff first discovered that the subject property was being taxed. (Ptf s Mot for Summ J at 3; Aff of Father Frank Knusel at 4.) Father Frank Knusel spoke with Defendant's office on behalf of Plaintiff regarding the exemption application and was "instructed by the assessor's office to file in 2 separate requests for exemption for `late filing'." (Aff of Father Frank Knusel at 3) Plaintiff immediately filed applications for exemption under ORS 307.140 on December 3, 2010. (Ptf s Resp at 3; Def s Ex C at 1.) Plaintiffs application for a property tax exemption was granted for tax year 2010-11 and for future years. (Ptf s Resp at 3.) Plaintiffs applications for tax years 2008-09 and 2009-10 were denied by Defendant on the basis that they were not timely filed. (Def s Mot for Summ J at 2.) This appeal followed.
 II. ANALYSIS
The parties filed cross motions for summary judgment. The standard for summary judgment is provided by Tax Court Rule (TCR) 47 C, [1]
which provides in pertinent part:
 "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Page 4 
A. Exemption Request
A taxpayer seeking an exemption under ORS 307.140 must file an application pursuant to the provisions of ORS 307.162.[2]
ORS 307.140 provides, in relevant part, "[u]pon compliance withORS 307.162, the following property owned or being purchased by religious organizations shall be exempt from taxation[.]" (Emphasis added). ORS 307.162(1), in turn, provides in relevant part:
 "[B]efore any real or personal property may be exempted from taxation under ORS * * * 307.140 * * * for any tax year, the institution or organization claiming the exemption shall file with the county assessor, on or before April 1 of the assessment year, a statement * * * listing all real or personal property claimed to be exempt and showing the purpose for which such property is used."
(Emphasis added). An exemption application may be filed as late as December 31 of the assessment year for which an exemption is desired upon payment of a late filing fee. ORS 307.162(2). The language of ORS 307.162(1) does not permit an exemption to be retroactively granted, subject to one exception:
 "The only time an exemption may be retroactively granted is when there is an addition or new improvements to an already exempt property. See ORS 307.162(3). Had the legislature chosen to make exemption requests retroactive it would have expressly stated its intent as it did in ORS 307.162(3)."
Richmond Church of God v. Multnomah County Assessor, TC-MD No 021322F, WL 23883576 at *2 (July 24, 2003). Here, the subject property was not an "already exempt property" because a new exemption application required when the ownership changed in 2007.Id.; see also ORS 307.162(1)(a).
Plaintiff acquired the subject property on September 18, 2007, through a Statutory Warranty Deed. That constituted a change in ownership that required Plaintiff to file a new application. ORS 307.162(1)(a). The latest Plaintiff could have filed an application for *Page 5 
exemption was December 31, 2008, for the 2008-09 tax year, and December 31, 2009, for the 2009-10 tax year. Plaintiff did not file an application for exemption for tax years 2008-09 and 2009-10 until December 3, 2010. Accordingly, Plaintiff failed to timely file exemption applications for those years.
B. Improper Address
Plaintiff did not receive notice of the exemption status change or the tax statements because Defendant sent those notices to an incorrect address; Plaintiff did not discover that the subject property was being taxed until November or early December 2010. (Ptf s Compl at 2.) Plaintiff argues that Defendant was obligated to determine Plaintiffs true and correct address through a search of its internal records or of other available sources, particularly once Defendant was put on notice that Plaintiffs address of record was incorrect. (Ptf s Resp at 7.) Plaintiff notes that it owns an additional parcel of real property in Portland for which Defendant's internal records reflect the correct address. (Id at 6.)
Plaintiff alleges that, had Defendant conducted a search, it would have located the other property account owned by Plaintiff that would have provided Defendant with Plaintiffs correct mailing address. Additionally, Plaintiff argues that Defendant could have searched other sources, such as the internet, and learned that no mail was accepted at 4630 North Maryland Avenue, Portland, OR 97217, which was the Plaintiffs address of record for the subject property in Defendant's records. Plaintiff requests a property tax exemption based on Defendant's failure to send notices to Plaintiffs correct address.
Plaintiff makes two arguments in support of Defendant's alleged duty to determine Plaintiff s correct address. First, Plaintiff refers to ORS 311.560, which states that the tax collector has an obligation to "note upon the tax roll * * * the true and correct address of each *Page 6 
person * * * owning real or personal property in this state, as furnished under ORS 311.555 or as otherwise ascertained by the taxcollector:' (Emphasis added). Plaintiff argues that the phrase "or as otherwise ascertained by the tax collector" imposes a duty upon Defendant to search its records or other sources for Plaintiffs correct address. (Ptf s Mot for Summ J at 4-5.) Second, Plaintiff argues that Multnomah County ordinance Sec. 1.004 requires Defendant to determine Plaintiffs true and correct address. (Ptf s Resp at 4-5.)
1. Defendant's obligation under ORS 311.560.
Property owners are required by ORS 311.555 to keep the tax collector informed of their "true and correct address." Importantly, ORS 311.555 also states that "[n]o person, firm or corporation who fails to keep the tax collector so informed shall be permitted to plead lack of due notice * * *." The tax collector then has an obligation to "note upon the tax roll * * * the true and correct address of each person * * * owning real or personal property in this state, as furnished under ORS 311.555 or as otherwise ascertained by the tax collector." ORS 311.560. Plaintiff argues that the phrase "or as otherwise ascertained by the tax collector" places the duty upon Defendant to ascertain the true and correct address of Plaintiff by searching its internal records or searching other sources, like the internet.
The address for Plaintiff maintained in Defendant's records was 4630 North Maryland Avenue, Portland, OR 97217. That address was provided by Plaintiff on the Statutory Warranty Deed. (Def s Mot for Summ J, Ex A.) No other address was provided by Plaintiff. Defendant sent the November 2007 notice and the 2008-09 and 2009-10 property tax statements to that address.
Similar facts are present in Hawkins v. Lane County Assessor(Hawkins), TC-MD No 091267C, WL 5103232 (Dec 22, 2009). InHawkins, the issue was whether interest should be *Page 7 
forgiven on unpaid property taxes. Id. at *1. The taxpayer possessed four parcels of real property and had given official notice of an address change for all but one of the parcels.Id. Tax statements for three of the four accounts were mailed to the updated address at which the taxpayer received mail.Id. The fourth tax statement was sent to the unchanged address listed on the property deed, which was the address of record for that account. Id. The taxpayer never received that tax statements and argued that, because she did not know any tax was due, interest on the unpaid tax should be waived. Id. The court held that "[w]here, as here, a taxpayer fails to provide the tax collector or assessor with her correct address information and, as a result, the taxes are not paid, that error comes at a cost. That cost is the imposition of interest and, eventually, foreclosure." Id. at *2. Citing Hawkins, the court inWillakenzie Evangelical Church v. Lane County Assessor, TC-MD No 080932B, WL 571710 at *2 (Feb 18, 2010), determined that, "[the assessor] had no official duty to search its records and unilaterally change the written directions the taxpayer had provided * * * [.]"
In Olsen v. Deschutes County Assessor (Olsen), No 021087A, WL 32107261 (Dec 16, 2002), the taxpayers appealed the assessment of interest on taxes paid. The taxpayers had not provided their updated address to the county and the mailed tax statements were returned to the county. Id. at *1. Subsequently, a county employee found the new address of the taxpayers in the telephone directory and mailed the tax statements to that new address. Id. The taxpayers argued that the county should have found them sooner.Id. In response to that argument, the court stated:
 "[W]hile it is definitely a good idea for the county to examine its returned mail, arguing about whether the county might have found the [taxpayers] earlier overlooks the point that the county ought not to have had to look for the [taxpayers] at all. * * * [I]t is not the county's obligation to search for the taxpayer. Instead, it is the taxpayer's responsibility to search the county and make sure its records are correct." *Page 8 
Id. at *2. The legislature has placed the burden on taxpayers to notify county assessors of their true and correct address. Defendant did not have a duty to locate any other address for Plaintiff either by searching its internal records or by searching some other source.
Plaintiff also argues that the factual circumstances in this case distinguish it from prior cases. Specifically, Plaintiff points to the fact that the returned notice was marked with the notation "NMR," meaning "no mail receptacle," which would have indicated not only that Plaintiff's address was incorrect, but that there was no address at all. Furthermore, Plaintiff points out that it was not Plaintiff but the title company that incorrectly listed Plaintiff's address on the deed.
The court has held taxpayers responsible for interest and penalties that were incurred on a late property tax payment when the title company incorrectly listed the address where all property tax statements should be sent. See Magee v. Washington CountyAssessor, TC-MD No 030912D, WL 22120772 (Sept 11, 2003);Leigh v. Multnomah County Assessor, TC-MD No 020923F, WL 21263687 (Mar 19, 2003). Additionally, taxpayers were held responsible for taxes and interest when their appeal was dismissed as untimely, despite the fact that tax notices were sent to an address with no mail receptacle. See Pliska v. Multnomah CountyAssessor, TC-MD No 000912E, WL 33233813 (Nov 9, 2000). Thus, the facts that the title company incorrectly listed Plaintiff's address where property tax statements should be sent and that the address provided on the recorded deed did not have a mail receptacle do not relieve Plaintiff of the duty, under ORS 311.555, to keep the tax collector informed of the correct address.
2. Defendant's obligation arising out of Multnomah CountyCode 1.004
Plaintiff argues that Multnomah County Code (MCC) 1.004 obliges Defendant to determine Plaintiff's true and correct address. MCC 1.004 states "[t]he provisions of [the MCC] *Page 9 
and proceedings under it are to be construed so as to effect its objectives and to promote justice." MCC 1.004 is a tool to aid in the interpretation of other sections of the MCC; it does not create new or independent obligations for the parties in this case.
C. Hardship Exemption
Plaintiff has requested a hardship exemption under ORS 307.475. ORS 307.475 states in pertinent part, "[a]ny taxpayer may apply tothe Director of the Department of Revenue for a recommendation * * * [.]" (Emphasis added). In Housing Dev. Corp. v. WashingtonCounty Assessor, TC-MD No 021002A, WL 32105757 at *2 (Nov 12, 2002), the court stated:
 "While the court lacks the ability to determine whether or not good reasons should excuse a failure to file on time, another entity does have that ability. The Department of Revenue has the power to order relief in hardship situations when the failure to file for exemption was for good cause. The source of the power is ORS 307.475. * * *.
 "This statute makes the Department of Revenue, and only the Department of Revenue, the entity with the power, if it so chooses, to turn back the clock and treat Plaintiffs' applications as if they had been timely filed."[3]
Thus, ORS 307.475 is inapplicable in the present case, as Plaintiff appealed to the Oregon Tax Court, not the Oregon Department of Revenue.
D. Due Process
Plaintiff claims that the imposition of tax violates the constitutional requirement of due process because the county did not provide notice of the tax and Plaintiff was not aware that it needed to file for an exemption.
In Knapp v. Josephine County (Knapp),192 Or 327, 340-41, 235 P2d 564 (1951), in response to a due process argument raised by the taxpayer, the court stated: *Page 10 
 "Due process is a very different thing in the assessment and collection of public taxes from the same right as applied to litigation between parties over private rights, the institution of the latter depending wholly on the will of the complainant. The reasons are apparent. The first is the government's exigent need for the pecuniary support necessary to its existence. The second is the futility of impeding the annual collection of taxes by requiring a predetermination of the titles to many parcels of land * * * and the identity and competency of their owners. The third is that taxes are collected periodically under fixed laws which, in a restricted sense, impart their own notice. The settled doctrine of the authorities is that the taxing power is wholly legislative, and that land may be summarily foreclosed and sold for delinquent taxes even by administrative procedure alone. This does not deny due process if there has been a compliance with the essential provisions of the statute, and the landowners are afforded an opportunity to be heard, though only by an administrative tribunal after the sale."
(Citation omitted).
Property owners are required by ORS 311.555 to keep the tax collector informed of their "true and correct address." ORS 311.555 also states that "[n]o person, firm or corporation who fails to keep the tax collector so informed shall be permitted to plead lack of due notice * * *." The Statutory Warranty Deed listed Plaintiff's address as 4630 North Maryland Avenue, Portland, OR 97217. No other address was provided by Plaintiff. Defendant did not commit an error when it used the address listed on the Statutory Warranty Deed. Defendant complied with ORS 311.555 and 311.560. In complying with applicable statutes, as in Knapp, Defendant is deemed to have provided adequate notice.
Plaintiff also argues that the imposition of tax violates the constitutional requirement of due process because Plaintiff was not aware that it needed to file for an exemption as it assumed that the exempt status of the subject property would continue because the use did not change. Similar facts were presented in Church of theHarvest v. Lane County Assessor, in which the taxpayer, a nonprofit religious organization, did not receive tax notices from the county and stated that "[b]ecause the use remained the same, [the taxpayer did not consider filing an exemption application for the property. Instead, [the taxpayer] assumed the exempt status would *Page 11 
continue." TC-MD No 060017E, WL 734879 at *1 (Mar 20, 2006). Noting that "the ownership of the property changed hands[, and a]s a result, [the taxpayer] was required to file an application to continue the exemption on the property," the court denied the taxpayer's appeal. Id at *2.
ORS 311.250(2) states that the tax is valid even if the taxpayer does not receive the tax statement. Plaintiff assumed that the exempt status would continue because the use of the subject property did not change. However, Plaintiff was required by ORS 307.162 to file an exemption application when the ownership of the subject property changed; when no application was filed, the subject property became taxable. The court is without authority to waive Plaintiff's property taxes based on Plaintiff's lack of knowledge of the application requirement.
E. Estoppel
In the area of taxation, the Oregon Supreme Court has limited the application of estoppel: "The policy of efficient and effective tax collection makes the doctrine [of estoppel] of rare application."Johnson v. Tax Commission (Johnson),248 Or 460, 463, 435 P2d 302 (1967). Estoppel is granted "when the following three elements have been proven: (1) Defendant's conduct misled Plaintiff; (2) Plaintiff had a good faith reliance on the conduct; and (3) Plaintiff was injured by its reliance on Defendant's conduct." Hayden Island Condos LLC v. Multnomah CountyAssessor, TC-MD No 060822D, WL 3876094 at *2 (Aug 18, 2008), citing Sayles v. Dept. of Rev., 13 OTR 324, 328 (1995). With respect to the first element, "taxpayers can claim estoppel against governmental taxing authorities only `when there is proof positive that the collector has misinformed the individual taxpayer.'"Webb v. Dept. of Rev., 18 OTR 381, 384 (2005), quotingJohnson, 248 Or at 463. This court has concluded that "proof positive" is a "stringent proof requirement." Webb,18 OTR at 384, citing Hoyt Street Properties LLC v. Dept. ofRev., 18 OTR 313, 319 (2005). *Page 12 
Plaintiff argues that it relied upon Defendant to conduct its business of taxation in accordance with the law. Furthermore, Father Frank Knusel spoke with the Defendant's office on behalf of Plaintiff regarding the exemption application and was "instructed by the assessor's office to file in 2 separate requests for exemption for `late filing.'" (Aff of Father Frank Knusel at 3.) "In the context of summary judgment, the `proof positive' requirement is understood by the court to create `a more stringent proof requirement.' Although taxpayers are still permitted `all reasonable inferences' under [TCR] 47 C, those inferences `must provide strong support' for the conclusion that the department misled taxpayers as to the appeal deadline." Sidhu v. Dept. of Rev.,19 OTR 207, 212 (2007), aff'd MS Market, Inc. v. Dept. ofRev., 344 Or 393, 182 P3d 852 (2008), citing Hoyt StreetProperties LLC, 18 OTR at 319. Considering the facts in the light most favorable to Plaintiff, the court finds that Defendant's conduct did not mislead Plaintiff. There is no evidence that Defendant told Plaintiff that the late-filed exemption applications would be granted or that the property taxes on the subject property would be waived. Plaintiff has failed to establish the first element of an estoppel claim.
 III. CONCLUSION
ORS 307.162 requires that an application for exemption be filed when the ownership of exempt property changes. The exemption application may be filed as late as December 31 of the assessment year. Plaintiffs 2008-09 and 2009-10 exemption applications were not filed until December 3, 2010, and were not, therefore, timely filed. Plaintiff claims that, had it known the subject property was subject to taxation, it would have quickly remedied the situation, as it did for the 2010-11 tax year when it discovered that an exemption application had not been filed. Typically, the error would be revealed upon receipt of a tax statement in the fall. Unfortunately, *Page 13 
Plaintiff never received the tax statements for the 2008-09 and 2009-10 tax years. The situation is unfortunate and regrettable.
ORS 311.555 requires property owners to keep the tax collector informed of their "true and correct address." Plaintiffs recorded deed lists its address as 4630 North Maryland Avenue, Portland, OR 97217; no other address was provided by Plaintiff, and Defendant did not have an obligation to search its internal records or other sources for a different address. Defendant complied with applicable statutes thereby satisfying the requirements of due process. ORS 307.475 is inapplicable in this case because Plaintiff appealed to the Oregon Tax Court, not the Oregon Department of Revenue. Finally, Plaintiff failed to establish that Defendant misled it; thus, Plaintiff has not satisfied the first requirement of equitable estoppel. Under the facts presented, the court has no authority to grant the relief requested. Now, therefore,
IT IS DECIDED that Plaintiffs Motion for Summary Judgment is denied; and
IT IS FURTHER DECIDED that Defendant's Motion for Summary Judgment is granted.
Dated this ___ day of September 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on September 26, 2011. The Court filed and entered thisdocument on September 26, 2011.
[1] TCR 47 C is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] This case references the 2001 version of ORS 307.475. However, there are no differences between the pertinent language of the 2001 and 2007 versions of ORS 307.475.
 *Page 1