DECISION
Plaintiffs have appealed the real market value of property identified as Account R169454 (subject property) for the 2010-11 tax year, requesting a reduction in the real market value of their property to $315,335. Plaintiffs filed a Motion for Summary Judgment (Motion) on May 20, 2011. A case management conference was held on May 25, 2011. Plaintiffs appeared on their own behalf. Ken Collmer (Collmer) appeared on behalf of Defendant.
During the conference on May 25, 2011, the parties discussed Plaintiffs' Motion and the standard for summary judgment set forth in Tax Court Rule (TCR) 47.[1] After considering the standard for summary judgment, Plaintiffs reiterated their request that the court rule on their Motion and accept the facts as stated in their Complaint. Plaintiffs declined to set this matter for trial based on their determination that none of the material facts are in dispute. Defendant declined the opportunity to respond in writing to Plaintiffs' Motion. *Page 2 
A. Plaintiffs' Motion and supporting arguments
Plaintiffs' claim is stated in their Complaint as follows:
 "The magistrate hearing in 2004 reset the RMV for the Subject property to the average value of similar properties in the immediate neighborhood. Since then comparable properties in the immediate neighborhood have been increased through applying `the neighborhood trend'. Application of this average neighborhood trend to the Subject property over the comparable period of time computes to a current RMV of $315,335, NOT the current assessor's establishment of RMV at $404,890."
(Ptfs' Compl at 3 (emphasis in original).) As additional support for their claim, Plaintiffs argue that the 2010-11 real market value set by Defendant is in violation of OAR 150-309.115 concerning the adjustment of an adjudicated value based on economic trends and that their requested real market value is supported by neighborhood trends and comparable sales. (Id.)
In their Motion, Plaintiffs advance several arguments similar to those presented in their Complaint. First, Plaintiffs argue that Defendant "erred in adjusting the adjudicated value for the RMV, as set by the Magistrate in a prior tax appeal, in the wrong direction." (Ptfs' Mot for Summ J at 1.) "As per OAR 150-309.115, adjudicated value is adjusted based on a five-year economic trend. The defendant raised the Plaintiff's RMV 49.4% while national average sales prices declined 11.8% over the past five year[s]." (Id. at 1.)
Second, Plaintiffs argue that Defendant failed to "submit valid comparable sale values in the Plaintiff's neighborhood during the assessment period to validate the RMV," citing "Oregon Department of Revenue Property Tax Manual 150-303-415." (Id. at 2.) Plaintiffs argue that they "submitted evidence substantiating that the RMV of the Plaintiff property was increased 36.5%, an increase of more than $108,000, in one year, with no improvements to the property * * * * * [and] submitted evidence that substantiates the average sales price within the Plaintiff's `market area' neighborhood was $260,700 for same assessment period." (Id. at 2, 3.) *Page 3 
Third, Plaintiffs argue that Defendant failed to treat all properties equally, citing the Oregon Department of Revenue Property Tax Manual 150-303-415: "`If the RMV needs adjustment, then the indicated amount of adjustment is applied to each property in the market area.' The Plaintiff property was the only property in the comparable neighborhood to be subject to a large increase in RMV." (Id.) Finally, Plaintiffs argue that Defendant as failed to explain and defend the "increase of assessed value to the Plaintiff's property, as required in Oregon Department of Revenue 150-303-415[.]" (Id.) Plaintiffs note that they "submitted substantial evidence that [their] RMV * * * [is] excessive when compared to comparable properties." (Id.)
B. Motion for Summary Judgment — TCR 47
The standard for summary judgment is provided by TCR 47 C, which states in part:
 "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."
"A fact is material only when `under applicable law, [it] might affect the outcome of a case.'" Sidhu v. Dept. of Rev.,19 OTR 207, 212 (2007), citing Zygar v. Johnson,169 Or App 638, 646, 10 P3d 326 (2000).
1. Adjudicated value — ORS 309.115
Plaintiffs argue that the real market value set by Defendant is in violation of OAR 150-309.115, which is an administrative rule promulgated by the Oregon Department of Revenue to provide guidelines for the implementation of ORS 309.115, concerning adjudicated values. ORS 309.115[2] states in pertinent part: *Page 4 
 "(1) If the * * * tax court * * * enters an order correcting the real market value of a separate assessment of property and there is no further appeal from that order, except as provided under subsection (2) or (3) of this section, the value so entered shall be the real market value entered on the assessment and tax rolls for the five assessment years next following the year for which the order is entered.
 "(2) Notwithstanding subsection (1) of this section, the following adjustments may be made to the real market value during the period described in subsection (1) of this section:
 "(a) Annual trending or indexing applied to all properties of the same property class in the county, or within clearly defined areas of the county under this chapter."
OAR 309-115.115(2)(b), referred to by Plaintiffs, states: "Annual indexing factors in each subsequent year shall be applied to the prior year's equalized value. The assessor shall apply the same adjustments in the same manner to adjudicated values as applied to values in the same property class in the same clearly defined neighborhood."
"ORS 309.115 permits taxpayers to claim the benefit of a prior adjudicated value for up to five years with certain exceptions. One of those exceptions is * * * [a]nnual trending" as stated in ORS 309.115(2)(b). Niemeyer v. Dept. of Rev.
(Niemeyer), 14 OTR 34, 35 (1996).
 "To comply with the statutory mandate that properties be assessed at their real market value every year, assessors apply a trend factor to increase or decrease assessed values to reflect trends in inflation or deflation. The trends are determined by ratio studies. A ratio study is a statistical analysis of the relationship between the sale prices of properties and their assessed values. Accuracy of the study depends upon classification of the properties, whether available sales are representative of the class, and a number of other factors."
Id. "A taxpayer may challenge the ratio study and, after considering the evidence submitted in support of the challenge, the court can accept the county's trend factor or determine its own trend factor." Emami v. Clackamas County Assessor, TC-MD No 080594D at 7 (Dec 18, 2009), citing Niemeyer,14 OTR at 38-39. The purpose of "ORS 309.115 was to prevent taxpayers from having to appeal their value each year after successfully achieving a reduction in value." *Page 5 Oregon Wine Services and Storage, LLC v. Yamhill CountyAssessor, TC-MD No 090385C at 8 (Jan 13, 2011). After the five year period stated in ORS 309.115, the county assessor's office may revalue properties "based on market data" and, "particularly in an active market, [that revaluation may] result in a sudden, significant increase in value once the five-year period expires."Id.
Plaintiffs refer to a "magistrate hearing in 2004" that reset the real market value of the subject property. Plaintiffs did not identify the tax year that was adjudicated in 2004, nor did they allege that the real market value of the subject property was adjudicated in a subsequent tax year. Assuming that the previously adjudicated tax year to which Plaintiffs refer is the 2004-05 tax year, the 2010-11 real market value at issue in this appeal is beyond the five year period stated in ORS 309.115 and the accompanying administrative rule. Thus, ORS 309.115 and OAR 150-309.115(2)(b) are likely inapplicable in this case. TCR 47 instructs the court to consider the record "in a manner most favorable" to Plaintiffs. Even if ORS 309.115 were applicable in this case, numerous material facts exist with respect to the determination of the appropriate trend factor for tax year 2010-11. As stated in Niemeyer, trending is based on a ratio study that considers sale prices and assessed values; accuracy relies upon "classification of the properties, whether available sales are representative of the class, and a number of other factors." Plaintiffs are not entitled to summary judgment based on ORS 309.115 and OAR 150-309.115(2)(b).
2. Real market value — ORS 308.205
Plaintiffs challenge the 2010-11 real market value of the subject property, referring to comparable sales that support their value. Real market value is defined in ORS 308.205(1):
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." *Page 6 
There are three approaches of valuation that must be considered in determining the real market value of a property even if one of the approaches is found to be inapplicable: cost, income, and comparable sales. See ORS 308.205(2) and OAR 150-308.205-(A)(2). "Under the sales comparison approach, the value of a property is derived `by comparing the subject property with similar properties, called comparable sales.' That comparison is based on many factors, and adjustments are made for any differences between the comparable sales and the subject property so that the appraiser can derive a value for the subject property." Magno v. Dept. of Rev.,19 OTR 51, 58 (2006) (citation omitted); see also
OAR 150-308.250-(A)(2)(c) ("In utilizing the sales comparison approach only actual market transactions of property comparable to the subject, or adjusted to be comparable, will be used.").
"The value of property is ultimately a question of fact * * *."Chart Development Corp. v. Dept. of Rev.,16 OTR 9, 11 (2001) (citation omitted). As with trend factors, the determination of real market value is a question of fact that requires consideration of market data. Plaintiffs refer to comparable sales in support of their requested value. As stated above, the sales comparison approach requires consideration of many factors to determine whether sales are comparable to the subject property; adjustments must be made for relevant differences. In other words, numerous material facts must be established to support a reduction in real market value. Summary judgment is, therefore, inappropriate in this case.
During the conference on May 25, 2011, Plaintiffs requested that the court grant their requested reduction in value based on the facts stated in their Complaint and Motion. Plaintiffs state that they are "entitled to judgment as a matter of law" based on Defendant's failure to "offer[] a rebuttal of the facts as presented by Plaintiffs." (Ptfs' Mot for Summ J at 1.) *Page 7 
Plaintiffs have the burden of proof and must establish their case by a preponderance of the evidence. ORS 305.427. The court has established procedures by which each party has the opportunity to submit evidence and ask questions of the other party's evidence. TCR 58 B describes the presentation of evidence during trial: "Plaintiff shall present its evidence first. After plaintiff rests, defendant shall present its evidence, including any rebuttal of plaintiff's case-in-chief. After defendant rests, plaintiff may present any rebuttal evidence." Witnesses that testify during a trial do so only after taking an oath. See TCR 57 D(6) (concerning procedure for swearing witnesses). Those procedures are meant to ensure the veracity of testimony and test the sufficiency of the evidence presented. The factual statements included in Plaintiffs' Complaint and Motion have not been given under oath, nor has Defendant had an opportunity to cross-examine Plaintiffs concerning those statements. Plaintiffs' factual allegations do not satisfy the preponderance of the evidence standard in ORS 305.427 and Plaintiffs' appeal must be denied.
C. Conclusion
The arguments presented by Plaintiffs in support of their requested reduction in 2010-11 real market value each require the support of numerous material facts that have not been established by a preponderance of the evidence. Plaintiffs' Motion for Summary Judgment is hereby denied. During the conference on May 25, 2011, Plaintiffs declined the opportunity to set this matter for trial, relying instead upon their Motion. Now, therefore, *Page 8 
IT IS DECIDED that Plaintiffs' Motion for Summary Judgment is denied; and
IT IS FURTHER DECIDED that Plaintiffs' appeal is denied.
Dated this ___ day of August 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on August 24, 2011. The Court filed and entered this documenton August 24, 2011.
[1] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."
[2] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009. *Page 1