IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MICHAEL T. FROST,                      )
                                       )
             Plaintiff,                )    TC-MD 111101N
                                       )
      v.                               )
                                       )
LANE COUNTY ASSESSOR,                  )
                                       )
             Defendant.                )    **DECISION**

Plaintiff filed his Complaint on October 3, 2011, challenging Defendant's disqualification

from farm use special assessment of 7.16 acres of property identified as Account 0002814

(subject property). (*See* Def's Answer at 2.) Plaintiff states that Defendant's disqualification is

in error because "Farmer that has used property since 1996 - Parker Seed * * * Never received

any dated notice of why property is not in farm us[e]." On November 22, 2011, Defendant filed

its Answer requesting that the "Non-EFU Farm Use disqualification remain in effect." With its

Answer, Defendant included a one-page "Summary"; an excerpt from ORS 308A.056 defining

"farm use"; and an excerpt from ORS 215.203 defining "farm use" for zoning purposes.

A case management conference was scheduled in this matter for December 15, 2011. On

December 14, 2011, Plaintiff telephoned the court and requested that the December 15, 2011,

conference be postponed until after the "new year" because he recently returned from the

hospital and expected to return to the hospital shortly. On December 14, 2011, Plaintiff's sister

filed a letter with the court on behalf of Plaintiff, requesting that the "hearing be held over until

after the first of the year" due to Plaintiff's "serious, life threatening health issues." The court

rescheduled the case management conference to January 17, 2012. On January 17, 2012,

Defendant's authorized representative filed a letter with the court stating that he "received a

voice mail phone message this morning from the Plaintiff * * * stating that he was in the hospital at this time and expected to be there for at least a few more days."

On January 19, 2012, the court issued a Journal Entry requesting that Plaintiff respond in writing within 21 days of the date of the Journal Entry, "providing three mutually convenient dates for a case management conference in this matter in February or March 2012."  On February 8, 2012, Plaintiff filed a written response stating, in part:

> "I feel with all of my Medical problems, I would like to offer the following.  I have provided a letter stating my position and reasons for you to consider my side of the case.  The Lane County Assessor has also [] provided the Counties position.  I have nothing more to add.  I ask the Court to consider the information received from both parties for a Decision of the Court."

The court construes Plaintiff's letter of February 8, 2012, as a motion for summary judgment. Tax Court Rule-Magistrate Division (TCR-MD) 6 B(1) states that "a response is due * * * 20 days after the date of service in the case of a response to a motion for summary judgment." Defendant's time to respond to Plaintiff's February 8, 2012, letter has passed without any further communication from Defendant.  This matter is now ready for the court's determination.

## I.  STATEMENT OF FACTS

Defendant explains the disqualification from farm use special assessment as follows:

> "The only reported use of the land on the Non-EFU Farm Income Questionnaire, and reported income received, was a lease for use of the land for composting purposes.  Aerial photos, a field inspection and as Plaintiff reported on this same questionnaire only approximately 3 acres of such use occurs on the subject property.  Thus, approximately 4 acres was already not in farm use.

> "The reason for this disqualification on the approximately 3 acres was because of the issue of qualifying use; that is, does a composing only use as practiced on a portion of this property meet the definition of 'current employment' as required in ORS 308A.056.

> "The language in 308A.056(1) states, in part, 'farm use means the current employment of land for the primary purpose of obtaining a profit in money by [* * *] (g) preparing, storing or disposing of, by marketing or otherwise, **the**

DECISION  TC-MD 111101N                                                                                           2

*products or by-products raised* **for human or animal use** *on land described in this section***;'** "

(Def's Answer at 2 (emphasis in original). Defendant cites a Land Use Board of Appeals ruling,

*Best Buy in Town, Inc. v. Washington County*, 35 Or LUBA 446 (1999), in which

> "LUBA ruled, in regards to the meaning of 'farm use' as stated in ORS 215.203(2)(a) and the current employment question in denying a request to have a composting operation declared a farm use, to paraphrase, '*a nexus needs to exist between the asserted farm use and the farm land in order to meet the 'current employment' requirement of this statute and this isn't satisfied where none of the product is* grown on or used on *the subject land; compost is not a crop. Thus, this type of operation does not involve current employment of the land and for that reason is not a farm use as defined by ORS 215.203(2)(a).'* "

(*Id.* (emphasis in original).) Defendant notes that the "agricultural land use statutory definition is

virtually the same as the definition for farm use found in ORS 308A.056; thus[,] a determination

of qualified current employment should be the same for the administration of the farm deferral

special assessment program." (*Id.*)

On October 21, 2011, Plaintiff filed additional documents, including a letter from

Plaintiff regarding his appeal; a letter from Brian Parker (Parker), President, Parker Seeds, Inc.,

dated October 19, 2011; the disqualification notice from Defendant dated July 12, 2011; a 2007

federal Form 1099-MISC identifying Parker Seeds, Inc. as the "payer" and Plaintiff as the

"recipient" of $700.00 "rents"; Plaintiff's 2008 federal Form 1040 stating "other income" of

$700.00 for "farm rental"; Plaintiff's 2009 federal Form 1040 stating "other income" of $718.00;

a 2010 federal Form 1099-MISC identifying Parker Seeds, Inc. as the "payer" and Plaintiff as the

"recipient" of $700.00 "rents"; two tax lot maps; a "Property Report - Lane County" for the

subject property; and a Warranty Deed dated December 24, 1963.

Plaintiff stated that he purchased the subject property in October 2005, and "assumed [the

seller's] agreement with Parker Seeds, Inc. Parker Seeds Inc[.] has remain[ed] the same use of

my property since I had purchased. I have reported Farm Income (except for the first year)
which went to the prior owner. * * * * * I had a small section I used to produce a beef and some
chickens." (Ptf's Ltr at 1, Oct 21, 2011.) Plaintiff included a letter from Parker stating that
"Parker Seeds Inc. has farmed the property since 1986. We raised vegetable and various seed
crops on it in the beginning. In the late 1990's we began using the property as a composting area
for our Seed milling facility. Our seed mill is located on our farm, and we use it to process field
harvested seed crops, which are our primary income source." (*Id.* at 2.) Parker described the use
of the subject property for "dumping" the byproduct of the seed mill:

> "Our solution was to begin dumping this material on the field, and smoothing it
> out over the surface, in order to allow natural germination of weed seeds, as well
> as normal decomposition to occur. The busy time of the year for dumping of this
> material was from approximately Jul-Nov of any given year. * * * By said spring,
> many weeds and undesirable plants would grow in the area, which were then
> controlled by a commonly used herbicide prior to the next year. This practice was
> beneficial for the following reasons: 1) It eliminated cost for disposal of the
> material, 2) It added to the quality of the soil over time, 3) It greatly reduced
> hauling costs to transport the material. I believe the field was inspected in the
> springtime when the material from the prior year, would have appeared as a
> fallow field. As [Plaintiff] and I agreed, I would gladly have explained this had I
> been contacted."

(*Id.*)

## II. ANALYSIS

The standard for summary judgment is provided by TCR 47 C, which states in part:

> "The court shall grant the motion if the pleadings, depositions, affidavits,
> declarations, and admissions on file show that there is no genuine issue as to any
> material fact and that the moving party is entitled to prevail as a matter of law.
> No genuine issue as to a material fact exists if, based upon the record before the
> court viewed in a manner most favorable to the adverse party, no objectively
> reasonable juror could return a verdict for the adverse party on the matter that is
> the subject of the motion for summary judgment."

A fact is material only when "under applicable law, [it] might affect the outcome of a case."

*Sidhu v. Dept. of Rev.*, 19 OTR 207, 212 (2007) (citations omitted).

"Any land that is not within an exclusive farm use zone but that is being used, and has been used for the preceding two years, *exclusively for farm use* shall qualify for farm use special assessment" upon compliance with certain income and application requirements. ORS 308A.068[1] (emphasis added). The definition of "farm use" is provided in ORS 308A.056(1)(g) as "the current employment of land for the primary purpose of obtaining a profit in money by," amongst other things, "[p]reparing, storing or disposing of, by marketing or otherwise, the products or by-products raised for human or animal use on land described in this section." Under OAR 150-308A.056(3)(b), "[t]he assessor must consider all requirements of ORS 308A.056 and be convinced that the land is used in a manner that is reasonably designed and intended to obtain a profit in money by accepted farming practices. If the primary purpose of the current use of the land is not to obtain a profit in money, the land is not farm use land.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.

This primary purpose of the land must be ascertained from overt acts. All pertinent facts will be considered to determine if property qualifies as farm use land."[2]

The parties agree that at least 3 acres of the subject property was used for the "dumping" of organic material that is the byproduct of the Parker Seeds seed mill. Plaintiff referred to "beef" and "some chickens," but there is no indication that Defendant agrees that Plaintiff was raising cattle or chickens. The court cannot rely on facts that are not agreed upon by the parties and, for the purpose of summary judgment, must view facts in the light most favorable to the non-moving party, Defendant. Similarly, the court cannot assume that the seed byproduct "dumping" occurred on any part of the subject property other than the three acres conceded by Defendant. The court's analysis, therefore, is limited to the question of whether Plaintiff is entitled to farm use special assessment as a matter of law for three acres of the subject property used for the dumping and composting of seed mill byproduct.

/ / /

---

[2] "Pertinent information may include:

"(A) Present and past use of the land.

"(B) If the farming operation is conducted by another for the owner, the provisions of the oral or written agreement including the term, area let, consideration, and provisions for termination.

"(C) Participation in governmental or private agricultural programs or activities.

"(D) Productivity of the land.

"(E) Number of livestock or poultry (by type).

"(F) Amount of last harvest of each crop.

"(G) Gross income from crops, livestock, and livestock products.

"(H) Uses of the land for other than farming operation.

"(I) Ratio of farm or agricultural use as against other uses of the land."

OAR 150-308A.056(3)(b).

In *Jensen Family Joint Revocable Trust v. Marion County Assessor* , this court considered whether property used by the taxpayer as a "marketing tool" "to showcase its nursery stock and grass" was entitled to farm use special assessment. TC-MD No 050902E at 1-2 (Jan 4, 2007). The court determined that, based on the clear language of ORS 308A.056(1)(g), "marketing qualifies for farm use, but only if tied to the disposal of products raised on the property." *Id.* at 4. The court further found that the taxpayer's use did not qualify as "any other agricultural or horticultural use" under ORS 308A.056(1)(h), the "basic catchall" provision, noting that the use "relates more to the commercial end of the business, rather than the farming end of the business." *Id.* at 5. In *Pratt v. Polk County Assessor* (*Pratt*), this court held that allowing the growth of Scotch broom, a "designated noxious weed," is "not an accepted farming practice" despite cattle grazing on the property and despite the fact that Scotch broom "may fix nitrogen in the soil * * * after the plant dies." TC-MD No 021204F, WL 21384605 at *1, *2 (Jun 12, 2003).

The court cannot say that, as a matter of law, Plaintiff's use of three acres of the subject property for composting seed mill byproduct from the Parker Seed mill qualifies for farm use special assessment. Composting may be an allowable farm use as part of a larger farming operation. Here, however, the seed mill is located on a different property and it appears that the only use of the subject property is for the disposal of seed mill byproduct. Parker noted in his letter that dumping seed mill byproduct and the resulting "weeds and undesirable plants" are beneficial to the quality of the subject property soil. However, it is clear from *Pratt* that growing "noxious weeds" is not an "accepted farming practice," despite resulting soil improvement.

/ / /

/ / /

### III. CONCLUSION

After carefully considering the parties' pleadings, agreed-upon facts, and written arguments the court finds that the subject property is not entitled to farm use special assessment as a matter of law. Plaintiff's appeal, therefore, must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of March 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.***

***This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 14, 2012. The Court filed and entered this document on March 14, 2012.***